■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID C. CUYLER, Appellant.— Appeal from a judgment of the County Court of Schenectady County, rendered September 10, 1973, convicting defendant of the crimes of criminal possession of a dangerous drug in the third degree, criminal possession of a dangerous drug in the fifth degree, criminally using drug paraphernalia in the second degree and unlicensed growing of a narcotic plant. On the early morning of March 8, 1973, three members of the New York State Police and two narcotic investigators for the City of Schenectady Police Department, pursuant to a no-knock search warrant, entered the second floor apartment at 1111 Barrett Street in the City of Schenectady, where three male occupants, including the defendant, were asleep. A search of defendant's bedroom revealed a large quantity of green vegetable matter and a large

quantity of pills, all located in the top drawer of the dresser. Prior to trial, defendant's motion to suppress the evidence seized was denied. The primary issue is whether defendant's arrest was predicated upon an illegal search, requiring the suppression of the evidence seized. The defendant contends that the search was illegal as to him since it was undertaken pursuant to a search warrant that neither named him nor gave an adequate physical description. We find no merit in this contention. To justify the issuance of a search warrant, the person's name need not be known or included in the warrant, since he was not the subject of the search (*People* v. *Montanaro*, 34 Misc 2d 624). Defendant's arrest followed a lawful search of the premises at which the warrant was directed. Defendant's contention that the affidavit submitted to the court in support of the search warrant did not provide a sufficient basis for its issuance is also unavailing. A perusal of the application reveals that an investigator for the New York State Police advised the affiant that the apartment in question was being used for the sale of LSD. It further stated that the affiant observed the aforesaid investigator and another individual enter the premises and was told by the police officer and the individual that they had a conversation inside the premises with an occupant thereof who offered and sold to the investigator 10 yellow tablets for the sum of $15. Subsequently, the 10 yellow tablets were allegedly analyzed at the New York State Police Scientific Laboratory and were identified as being LSD. There thus existed an adequate basis for the issuance of the search warrant. The affidavit of a police officer based upon observations of a fellow police officer engaged in a common investigation furnishes a reliable basis for a warrant applied for by either of them (*People* v. *Montague*, 19 N Y 2d 121; see, also, *United States* v. *Ventresca*, 380 U. S. 102). Defendant also contends that during the selection of the jurors a prospective juror was asked questions by defense counsel as to whether or not she agreed with the drug laws. In the presence of all of the prospective jurors, this person expressed strong personal opinions on the drug laws saying that they were not severe enough and that she did not know how the rest of the jurors could sit there and seem so satisfied with the law and unconcerned about the drug problem. Unfortunately, defense counsel did not request the court to make a record of this colloquy and made no objection or motion at that time. Later, after a noon recess, counsel moved for a mistrial which was denied. The trial court denied the motion on the grounds that the remarks were made as the result of interrogation by defense counsel and that there was no objection or exception made to her remarks at that time. Furthermore, defense counsel did not request that the remarks be excluded or the jury be directed to disregard them. The jury was then sworn and the remainder of the panel dismissed. Under such circumstances, the error, if any, was waived (CPL 270.15). We have examined the remainder of defendant's allegations and find them to be without merit. Judgment affirmed. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.