■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS F. MULLEN, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered December 10, 1974, upon a verdict convicting defendant of the crimes of criminal possession of dangerous drugs in the third degree and criminally using drug paraphernalia in the second degree. On July 26, 1972, members of the Albany Police Department, pursuant to a search warrant, searched the downstairs apartment at 51 North Manning Boulevard in Albany. The apartment was allegedly occupied by the defendant and his two brothers who, as the result of the uncovering by the search of quantities of drugs and drug paraphernalia, were indicted on four counts of drug related charges, upon two of which defendant was subsequently convicted. Defendant has raised a multitude of issues on this appeal. He contends that the trial court erred in failing to inquire of eight jurors already sworn as to a statement by juror number one that he remembered the defendant from another case. No objection or motion with respect to these remarks was made until after the trial nor did defense counsel request that the remarks be excluded or that the jury be directed to disregard them. Under such circumstances the error, if any, was waived (People v Cuyler, 44 AD2d 881; CPL 270.15). Defendant claims that the court erred in restricting his cross-examination based on alleged prior inconsistent statements. We disagree. Defendant's argument that his inability to lay a proper foundation for such questioning was the result of his not having a transcript of the previous testimony is answered by the simple fact that there is no indication that a transcript of this testimony, which was given at a previous trial, was not readily obtainable by defendant in time for this trial. We find that the testimony of the People's witness as to the weight of the drugs seized, to which no objection was made at the time of its introduction, was sufficient to support this verdict. There was more than ample testimony from which the jury could have concluded that defendant knowingly possessed the drugs and drug paraphernalia uncovered by the search of the apartment. Defendant's further arguments that the verdict was inconsistent and that he was prejudiced by an allegedly incriminating statement concerning an unrelated crime, made without objection at the trial, are similarly without merit. Judgment affirmed. Greenblott, Kane, Mahoney and Larkin, JJ., concur; Koreman, P. J., not taking part.

■ In the Matter of STEPHEN Z. MANDEL, Appellant, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Judgment, Supreme Court, Albany County, entered August 15, 1975, affirmed, without costs, on the opinion of Pitt, J. at Special Term. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.