[Civ. No. 39715. First Dist., Div. Two. Dec. 2, 1976.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
RICARDO ORECCHIA et al., Real Parties in Interest.

[Civ. No. 39796. First Dist., Div. Two. Dec. 2, 1976.]

RICARDO ORECCHIA et al., Petitioners, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Herbert F. Wilkinson, Deputy Attorneys General, for Petitioner and for Real Party in Interest.

No appearance for Respondent.

Austin F. Stevens and Samuel R. Swift for Petitioners and for Real Parties in Interest.

## OPINION

**KANE, J.**—In this extraordinary writ proceeding, the People seek mandate to compel respondent court to set aside its order striking out parts of informations charging defendants Orecchia and Rynd with violations of Health and Safety Code,[1] section 11361 (sale of marijuana to a minor). The People contend that since the undisputed evidence at the preliminary hearings established that the sales were made to a minor, the court's order striking out allegations of sale "to a minor" changed the substantive nature of the offense to sale of marijuana, a violation of section 11360, an action which exceeded the jurisdiction of the court.

Defendants seek mandate in their own right, contending that the use of a minor as a decoy in undercover purchases of marijuana violates public policy, and that the court erred as a matter of law in failing to grant their motion to dismiss the informations. Since numerous other prosecutions pending in San Mateo County await the resolution of this

[1] Unless otherwise indicated, all references will be to the California Health and Safety Code.

issue, we undertook review by mandate under the authority of *People* v. *Superior Court (Brodie),* 48 Cal.App.3d 195, 198 [121 Cal.Rptr. 732].

The record shows that the charges against defendants arose out of an investigation by the San Mateo Police Department into drug traffic at San Mateo high schools. Evidence adduced at the preliminary hearings reveals that Paul Hurteau, a former student at San Mateo High School, volunteered his services to the San Mateo Police Department in its efforts to impede this drug traffic.[2] Hurteau was motivated to volunteer his assistance because he had seen "some good friends go down pretty heavy" through the use of drugs and he wanted to "stop the drug traffic . . . in San Mateo . . . ."

On November 12, 1975, Hurteau was furnished with prerecorded city funds, equipped with a transmitting device, and taken by an undercover police officer, who parked in a van on the street, to mingle with students near the San Mateo High School grounds. On that day, Hurteau made a purchase of one lid of marijuana from defendant Rynd for the sum of $15. Later, on December 11, 1975, during a prearranged meeting at Los Prados Park, Hurteau purchased two bags of marijuana from defendant Orecchia for the sum of $30 per bag.

■ A superior court should uphold an information as to any offense charged in the information of which any reasonable construction of the evidence adduced at the preliminary hearing admits (*People* v. *McKee* (1968) 267 Cal.App.2d 509, 514 [73 Cal.Rptr. 112]). The evidence that Hurteau was a minor, 17 years of age, at the time he made the purchases, is uncontroverted.[3] Clearly, the evidence produced at the preliminary hearing fully supports the charges of violation of section 11361.

Defendants maintain, however, that the employment of a minor as a decoy in undercover law enforcement activities involving the purchase of marijuana is unlawful by reason of section 11361, subdivision (a), and that the "evil" inherent in this form of undercover activity can be remedied only by dismissal of the criminal charges, analogous to a case of entrapment (cf. *People* v. *Benford* (1959) 53 Cal.2d 1, 8-9 [345 P.2d 928]).

[2]Defendants concede that 15 to 18 other high school students were arrested through the undercover efforts of Hurteau.

[3]Hurteau testified that he was born on December 16, 1957.

That the trial judge accepted the defendants' argument, at least in part, is apparent as the record shows that the order striking out parts of the informations was imposed by the court as a remedy to "preclude undercover agents from using a minor." ██ However, we do not construe the language of section 11361, subdivision (a), to be directed to nor to preclude the use of minors as decoys in undercover purchases of marijuana which are supervised and controlled by law enforcement agencies.[4]

In addition it must be pointed out that the trial court's "home-grown" remedy is, on analysis, not a remedy at all. The defendants, under the court's ruling, still stand accused of a serious felony; and the police are not precluded from using minors as decoys in the future. Rather, they are simply restricted to charging a violation of section 11360 (sale of marijuana) instead of section 11361 (sale of marijuana to a minor).

But, more importantly, we do not perceive any "evil" policy in the utilization by the police of minors as decoys in the legitimate pursuit of drug pushers whose prime markets are also minors attending high school.

It is patently obvious that infiltration into drug trafficking among high school students can only be realistically achieved by decoys who belong to the same peer group. The record at hand illustrates how readily Hurteau was accepted by high school students, first near his own alma mater, San Mateo High School, where he made a purchase of marijuana from Rynd, and later near Hillsdale High School, where he was referred by students to Orecchia for another purchase.

Defendants' attempt to analogize the policy rationale of entrapment with the use of minor decoys is without merit. ██ In the case of entrapment the crux of the theory is that the criminal intent or design originated in the mind of the entrapping officer (*People* v. *Benford, supra,* at p. 10). In short, the defense of entrapment, when successful, is a

---

[4]Section 11361, subdivision (a), provides as follows: "Every person 18 years of age or over who hires, employs, or uses a minor in *unlawfully* transporting, carrying, selling, giving away, preparing for sale, or peddling any marijuana, who *unlawfully* sells, furnishes, administers, gives, or offers to sell, furnish, administer, or give any marijuana to a minor, *or who induces a minor to use marijuana in violation of law* shall be punished by imprisonment in the state prison for a period of 10 years to life and shall not be eligible for release upon completion of sentence or on parole or any other basis until he has been imprisoned for a period of not less than five years in the state prison." (Italics added.)

proclamation by the trier of fact that the accused is truly not guilty. As noted in *People* v. *Benford, supra,* at page 10, " 'It is not the entrapment of a criminal upon which the law frowns, but the seduction of innocent people into a criminal career by its officers . . .' [citations]."

But in the case at bench, there is no suggestion that "innocent" high school students were seduced into a criminal career by the mere fact that a minor undercover agent was employed by the police. On the contrary, the record contains substantial evidence from which it may be inferred that the criminal intent to commit the offenses charged originated in the minds of each of the defendants (*People* v. *Moran* (1970) 1 Cal.3d 755, 760 [83 Cal.Rptr. 411, 463 P.2d 763]). In those circumstances, solicitation by a decoy does not constitute entrapment (*People* v. *Benford, supra,* at p. 10; *People* v. *Dickerson* (1969) 270 Cal.App.2d 352, 364 [75 Cal.Rptr. 828]).

In summary, we find neither statutory nor decisional support for the court's order striking out parts of the informations. Evidence that the sales were made to a minor was undisputed, and entrapment was not shown. We therefore conclude that the court acted in excess of its jurisdiction in imposing its own views on public policy upon law enforcement agencies and the prosecution (*People* v. *Superior Court (Brodie), supra,* 48 Cal.App.3d at pp. 200-201).

Let a peremptory writ of mandate issue as prayed in 1 Civil No. 39715. The alternative writ in 1 Civil No. 39796 is discharged and that petition is denied.

Taylor, P. J., and Rouse, J., concurred.

The petition of real parties in interest Orecchia and Rynd for a hearing by the Supreme Court was denied January 27, 1977.