■ In the Matter of the PEOPLE OF THE STATE OF NEW YORK ex rel. LEROY EDWARD GREEN, Appellant, v J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the County Court, Orange County, dated July 25, 1976, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. Petitioner's application for post-conviction relief was based upon an allegation of bias arising out of a juror's employment as a corrections officer. The fact of his employment was known to petitioner and his attorney at the time of the *voir dire.* Therefore petitioner's failure to raise a timely challenge to the juror waived the objection (see CPL 270.15, subd 4). Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.

■ In the Matter of JOSEPHINE J. SULLIVAN, Respondent, v ANTHONY SULLIVAN, Appellant.—In a support proceeding, the husband appeals from an order of the Family Court, Suffolk County, dated November 6, 1975, which, *inter alia,* directed that he be committed to the Suffolk County Jail for his failure to comply with a prior order of support, as amended. Order reversed, without costs or disbursements, and proceeding remanded to the Family Court for a hearing with respect to appellant's ability to comply with the orders granting support to petitioner. There has been no showing that appellant's failure to comply with the support orders was willful. Before the failure to obey an order of support can be deemed to be willful, there must be a determination of the husband's ability to pay (see *Matter of Burchett v Burchett,* 43 AD2d 970). Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.

■ In the Matter of CARLOS V., Appellant.—Appeal from an order of the Family Court, Kings County, dated May 23, 1975, which, upon a determination after a fact-finding hearing that appellant had committed acts which, if done by an adult, would have constituted a crime, adjudged him to be a juvenile delinquent and placed him on probation for a period of six months. Order reversed, on the facts, without costs or disbursements, and petition dismissed. In our opinion, the court did not improvidently exercise its discretion in taking sworn testimony from the infant witness (see *Wheeler v United States,* 159 US 523, 524–525). However, it is our view that the evidence failed to prove beyond a reasonable doubt that appellant had committed acts which, if done by an adult, would have constituted the crime of menacing, as that crime is defined in section 120.15 of the Penal Law. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.