■ The People of the State of New York ex rel. Anthony Smith, Petitioner, v Eugene Le Fevre, as Superintendent of the Clinton Correctional Facility, Respondent.—Application for writ of habeas corpus denied. Petitioner's remedy is to prosecute his pending appeal from the judgment of conviction (People ex rel. Keitt v McMann, 18 NY2d 257, 262). Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.

(November 23, 1977)

■ The People of the State of New York, Respondent, v Clifford Thompson, Jr., Appellant.—Appeal from a judgment of the County Court of Broome County, rendered February 3, 1975, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree. Defendant's sole contention on this appeal is that the trial court erred in not granting judgment for the defendant, as a matter of law, because the defense of entrapment had been established, and, alternatively, in refusing to submit the issue of entrapment to the jury as a question of fact. Section 40.05 of the Penal Law provides that entrapment is an affirmative defense. Subdivision 2 of section 25.00 of the Penal Law states that "When a defense declared by statute to be an 'affirmative defense' is raised at a trial, the defendant has the burden of establishing such defense by a preponderance of the evidence." The Court of Appeals in People v Laietta (30 NY2d 68, 74) stated, "The use of the phrase 'burden of establishing' makes it clear, because it could have no other meaning, that the defendant carries both the burdens of going forward with the evidence and of ultimate persuasion." Here, the defendant did not plead affirmatively the defense of entrapment, counsel for defendant did not indicate in his opening to the jury that he intended to establish such defense and the defendant did not testify at trial. In this context, the trial court precluded the People from introducing any evidence with respect to defendant's predisposition to sell drugs, an essential part of the People's case when it is known that a defense of entrapment has to be met. Had the defendant pleaded entrapment or in any way made known that at trial his strategy would be anchored to such a defense, the People in their direct case would have been permitted to offer countervailing proof. In People v Mann (31 NY2d 253), the court cites with approval Federal authorities (United States v Sherman, 240 F2d 949, 953, revd on other grounds 356 US 369; United States v Brown, 453 F2d 101; see Orfield, The Defense of Entrapment in the Federal Courts, 1967 Duke LJ, 39, 60), which hold it is the better view to admit competent proof of criminal disposition as part of the People's direct case where it is "clear that the defense of entrapment will be involved." No such clarity is present here. Defendant's attempt to rely solely on his cross-examination of the People's witnesses, knowing that any effective riposte to his tardily announced defense of entrapment had been precluded by the court, cannot be accepted as a basis for reversible error. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Mahoney and Larkin, JJ., concur.