## (May 22, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD C. MATTISON, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered October 5, 1978, upon a verdict convicting defendant of the crime of robbery in the first degree. At trial defendant readily conceded an armed robbery had occurred at a gas station as alleged in the indictment, and acknowledged his participation in some of the events surrounding the commission of that offense. However, he testified that in doing so he had not intended to appropriate another's property by force, but had acted solely in the capacity of a police informant gathering evidence to be used in a prosecution of those directly involved in the crime. His account

was rejected by the jury and defendant does not contest the adequacy of the proof supporting its verdict on this appeal. Instead, he maintains that the trial court erred in refusing to charge the affirmative defense of entrapment (Penal Law, § 40.05) and the defense of justification (Penal Law, § 35.05, subd 1), and that the sentence it imposed was unduly harsh and excessive. Defendant was a paid informant who worked with Investigator Freeman of the New York State Police on a number of criminal matters, principally in the field of illicit drugs. According to him, Freeman wanted to procure evidence of criminal activity which would lead to the conviction of one Dennis Mageese. When defendant thereafter reported Mageese had suggested the commission of a burglary or a robbery and, later, that he had obtained a gun, Freeman told him to "stick with it" and "when you have something solid give me a ring." Defendant further recounted he did not become aware of Mageese's intended victim or the time of the planned robbery until shortly before the incident took place, and that he merely agreed to serve as a lookout in order to witness the offense. Freeman unequivocally denied that defendant had ever spoken to him about his venture and there was ample evidence indicating that defendant, not Mageese, conceived and directed the robbery. In any event, defendant's own version of the affair plainly demonstrates there was no reasonable view of the evidence that would allow the jury to find he participated in the crime as the result of police entrapment. There was no proof that Freeman sought to obtain evidence against *defendant* for the purpose of a criminal prosecution, or that he employed any method or device whatsoever to acquire such evidence. At most, Freeman simply asked to be kept posted on developments. The requested entrapment charge was, therefore, properly denied (cf. *People v Mapp,* 47 NY2d 939; *People v Thompson,* 59 AD2d 996, affd 47 NY2d 940). We also reject defendant's novel claim regarding the defense of justification. Section 35.05 of the Penal Law specifies, in part, that: "conduct which would otherwise constitute an offense is justifiable and not criminal when: 1. Such conduct * * * is performed by a public servant in the reasonable exercise of his official powers, duties or functions". In turn, a "public servant" is defined to include public officers and employees of any political subdivision, as well as "any person exercising the functions of any such public officer or employee." (Penal Law, § 10.00, subd 15, par [b].) Since conviction typically requires proof beyond a reasonable doubt that the defendant acted "intentionally", "knowingly", "recklessly", or with "criminal negligence" (Penal Law, §§ 15.05, 15.10, 15.15), this defense would most frequently operate to immunize the conduct of public servants only when the charges against them involve offenses of strict liability, and then only to the extent allowed by the statute. On occasion it might also be raised to excuse knowing, reckless or negligent behavior (cf. *People v Archer,* 68 AD2d 441 [dictum]), but the lack of judicial authorities interpreting the reach of the quoted defense and the explanation of its purpose contained in the official practice commentaries (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 35.05, pp 82-83) tend to confirm our view that it is chiefly meant to afford limited protection when provisions defining *malum prohibitum* offenses are violated in the performance of official responsibilities. Regardless of its precise scope, however, the defense would never apply to an accusation requiring a particular criminal intent, such as larceny, because if an intent to steal were established, a public servant could hardly assert that the theft was undertaken as a "reasonable exercise" of official functions. By way of contrast, a public servant accused of speeding could not rely on a lack of *mens rea* but might

validly contend that his duties and the circumstances of the situation justified his action. On this analysis, it is apparent that defendant was not entitled to have section 35.05 of the Penal Law charged to the jury. The primary factual question developed at the trial was whether he possessed a culpable intent and the jury was properly instructed on that subject without exceptions. Moreover, even assuming the defense could apply to the crime of robbery, there was no reasonable view of the evidence which would permit the jury to find he acted as a public servant or within his official functions. Although paid for information on an occasional basis, there was no proof that defendant was hired as an employee, nor was it shown that Freeman delegated any specific police functions to him. Significantly, defendant did not elaborate on his alleged "functions" pertaining to this matter, and activity beyond reporting information to Freeman could not be regarded as reasonable incidents of his supposed "duties". Lastly, we conclude that the sentence was not an evident abuse of the trial court's discretion. It fell within the range authorized by statute and, considering the nature of the crime and the degree of defendant's participation in it, a period of incarceration in excess of the mandatory minimum was appropriate. Judgment affirmed. Greenblott, Kane, Main and Mikoll, JJ., concur; Mahoney, P. J., concurs in the result only.