■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS FRISBIE, Appellant.—Mikoll, J. Appeal from a judg-

ment of the County Court of Tioga County (Siedlecki, J.), rendered January 5, 1983, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant first asserts on this appeal that he was deprived of a fair trial due to possible juror misconduct because of the alleged failure of a juror to disclose during voir dire that he knew a prosecution witness, an undercover police officer. However, despite the fact that knowledge of this alleged impropriety came to defense counsel during the trial, the issue was never raised at trial or at sentencing. It was only when an application for release on bail was made before another court that the issue was raised in affidavits. Thus, since the issue was not brought before the trial court at the earliest opportunity and properly preserved for review by an appellate court, it has been waived and will not be considered by this court (see, People ex rel. Green v La Vallee, 55 AD2d 958, lv denied 41 NY2d 805; People v Mullen, 53 AD2d 933, affd 44 NY2d 1; People v Cuyler, 44 AD2d 881, 882).

Defendant next argues that the trial court erred in allowing the prosecutor to examine a prosecution witness, State Trooper Susan Andrews, regarding a prior sale of marihuana for which defendant was never indicted, without a prospective ruling on the use of such testimony (see, People v Sandoval, 34 NY2d 371, 377-378). This argument must be rejected. Here, defendant's attorney had already raised the defense of entrapment in his opening remarks to the jury, on voir dire and in cross-examination. The prior sale of marihuana was admissible in such circumstances to rebut the anticipated defense of entrapment to which defense was then committed (see, People v Mann, 31 NY2d 253, 260; People v Thompson, 59 AD2d 996).

Defendant's contention, that since he proved the defense of entrapment by a preponderance of the evidence his conviction should be overturned as a matter of law, is not well taken. There was conflicting evidence on the question of entrapment. Thus, the issue was properly left for resolution by the trier of fact (People v McGee, 49 NY2d 48, 61, cert denied sub nom. Waters v New York, 446 US 942; People v Shangraw, 55 AD2d 796).

Finally, defendant's argument that his sentence of 2½ to 5 years in prison as a second felony offender was unduly harsh and excessive lacks merit. Unless there is a clear abuse of discretion on the part of the sentencing court, this court will not reduce a sentence (People v Ray, 105 AD2d 988, 989;

*People v Du Bray,* 76 AD2d 976, 977). The instant sentence was within the statutory parameters and below the statutory maximum term of 3½ to 7 years. No abuse of the sentencing court's discretion is demonstrated.

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.