ROBERTSON, Presiding Judge.
Jean S. Bartlett and Frank E. Bartlett operate the Package Palace, a package store in Mobile that sells alcoholic beverages for off-premises consumption. On April 7, 1989, the Bartletts’ employee, Robert Douglas Howard, was arrested by an agent of the Alcoholic Beverage Control Board (ABC Board) and charged with selling alcoholic beverages to a minor on April 6, 1989. By letter dated September 6, 1989, the Bartletts were charged by the ABC Board with violating § 28-3A-25(a)(3), Code 1975, on April 6, 1989, by an employee’s selling alcoholic beverages to a minor, and a hearing date was set.
Following the Bartletts’ hearing before the ABC Board on September 27, 1989, which was continued and then reconvened on November 15, 1989, the ABC Board notified them by letter dated November 16, 1989, that the Board had adjudged them guilty of violating § 28-3A-25(a)(3), Code 1975, and that the Board was imposing on them a $500 fine.
We note that on November 8, 1989, between the September hearing and the November hearing, the Circuit Court of Mobile County dismissed the criminal charge against the Package Palace employee, Howard, who had actually sold the alcoholic beverage to the minor. The record does not reflect why the criminal charge was dismissed, but it was undisputed that an ABC Board representative was in court when the trial judge dismissed the case after it had been called for trial.
The Bartletts appealed the November 16th decision of the ABC Board to the Circuit Court of Mobile County, pursuant to § 41-22-20, Code 1975. They alleged, among other things, that the ABC Board had violated the laws of the State of Alabama by sending *1137 a minor into the Package Palace to purchase alcoholic beverages and that the ABC Board’s charge against them was barred by the doctrine of res judicata because the criminal case against the Bartletts’ employee, Howard, had been dismissed by the circuit court.
After reviewing the record of the ABC Board hearing and the briefs submitted by the Bartletts and the ABC Board, the circuit court found that the doctrine of res judicata was inapplicable to the case and that the ABC Board’s use of a minor operative to purchase alcoholic beverages from the Bart-letts’ employee did not violate the laws of the State of Alabama.
On appeal, the Bartletts contend that the doctrine of res judicata does apply and, further, that the agents of the ABC Board do not have the authority to use minors to violate the law, i.e., to purchase or attempt to purchase alcoholic beverages, without first complying with § 13A-3-22, Code 1975.
We find the dispositive issue on appeal to this court to be whether the agents of the ABC Board had the authority to aid and abet a minor child under the age of 19 years to commit a criminal offense, or whether the agents had the authority to use a minor child to commit a criminal offense, without first complying with § 13A-3-22, Code 1975.
The record reflects that on April 6, 1989, at approximately 7:35 p.m., two ABC Board agents and an 18-year-old minor child went to the Package Palace to conduct what they refer to as a “minor operative.” One agent stayed outside with a video camera, and the other agent went inside “to observe” the transaction. The minor entered the Package Palace for the purpose of making an illegal purchase of alcoholic beverages, and he had been brought there by the ABC Board’s agents for that purpose. The agent who went inside testified that he observed the employee, Howard, check the minor’s driver’s license and that Howard then proceeded to complete the sale of a $5.80 bottle of Jack Daniel’s whiskey to the minor. The Bartletts were not on the premises when this occurred. We also note that the minor’s driver’s license was never produced at the ABC Board hearing or for the Bartletts’ inspection.
While it is unlawful for a licensee to sell alcoholic beverages to any minor, it is also unlawful for any minor to purchase alcoholic beverages within this state. § 28-3A-25(a)(19), Code 1975.
However, pursuant to § 13A-3-22, Code 1975,
“conduct which would otherwise constitute an offense is justifiable and not criminal when it is required or authorized by law or by a judicial decree or is performed by a public servant in the reasonable exercise of his official powers, duties or functions.”
The Bartletts contend that only by complying with § 13A-3-22, Code 1975, could the ABC Board’s agents send a minor child into their place of business to purchase or attempt to purchase alcoholic beverages.
Pursuant to the terms of § 13A-3-22, Code 1975, conduct that under other circumstances would be illegal may be justified and not illegal in three limited situations: (1) when such conduct “is required or authorized by law,” (e.g., “execution of convict pursuant to judgment of court; sheriffs levying execution on goods; breaking door to execute a search warrant; [and] seizure of illegal game by game warden,” Commentary, § 13A-3-22, Code 1975); (2) when such conduct is “authorized by ... a judicial decree”; and (3) when such conduct “is performed by a public servant in the reasonable exercise of his official powers, duties or functions.”
In this case, the conduct in question does not qualify as being required or authorized by law. Aso, it is undisputed that the ABC Board’s agents failed to obtain a judicial decree authorizing the agents to use a minor child to commit a criminal act or authorizing the minor child to commit the criminal act. It is also undisputed that the minor child was not working for the ABC Board. Instead, the minor testified that he had “volunteered.” Therefore, the minor child was not a public servant acting in the reasonable exercise of his official duties. Aso, we find that using a minor child, without prior judicial approval, to commit an illegal act is not a reasonable exercise of the ABC Board’s agents’ powers, duties or functions. Therefore, the use of the minor child in this ease does not fit *1138 within any of the exceptions in § 13A-3-22, Code 1975.
This court holds that adhering closely to the statute and obtaining prior judicial approval when using a minor child to commit an illegal act is of the utmost importance. We realize that there are minor children who, for various reasons, would “volunteer” to purchase alcohol or to commit other illegal acts. However, the use of these minors to commit these illegal acts must be closely monitored by judicial approval, and hopefully by parental approval. The legislature, by enacting § 13A-3-22, Code 1975, provided for otherwise illegal acts to be justifiable and not criminal. Here, the ABC Board’s agents failed to operate within the parameters of § 13A-3-22, Code 1975, and their actions cannot be sanctioned.
Consequently, the decision of the ABC Board finding the Bartletts guilty of violating § 28 — 3A—25(a)(3), Code 1975, is due to be reversed and set aside. Therefore, the judgment is reversed and the cause remanded to the trial court for a judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN, J., concurs.
RUSSELL, J., dissents.