On Certiorari Review Ex Mero Motu
The issue presented in this case is whether the actions of the Alcoholic Beverage Control Board (ABC Board), in using a minor (we use the term "minor" to mean a person who has not attained the legal age for purchasing and consuming alcoholic beverages; see § 28-3-1(18), Ala. Code 1975) as a participant in an undercover operation, invoked the operation of § 13A-3-22, Ala. Code 1975, and, if not, under what circumstances the ABC Board may use minors to make undercover buys of alcoholic beverages.
 FACTS
On April 6, 1989, at approximately 7:35 p.m., two ABC Board agents and an 18-year-old minor arrived at Jean and Frank Bartlett's place of business, the "Package Palace," to conduct what the agents referred to as a "minor operative." One of the agents stayed outside with a video camera, while the other agent went inside to observe the transaction. The minor entered the store and requested a 200-milliliter bottle of Jack Daniel's whiskey, which an employee of Bartlett's business, Robert Douglas Howard, retrieved from the shelf. The agent who was inside the store testified that Howard checked the minor's valid driver's license before proceeding. The minor then handed Howard a $10 bill to pay for the $5.80 bottle of whiskey. Howard handed the minor his change, and the minor exited the store with the whiskey.
Subsequently, both agents and the minor entered the store and identified themselves to Howard as participants in the ABC Board undercover operation. The agents informed Howard that he had committed a violation of law and requested to see, and then reviewed, his driver's license. One of the agents then asked to see the $10 bills in the register. Howard cooperated. The agent testified that included in the bills Howard handed him was a $10 bill the serial number of which he had previously recorded. Howard was arrested and was charged with selling alcoholic beverages to a minor. The Bartletts were not on the premises when the sale or arrest occurred.
The Bartletts received a letter dated September 6, 1989, in which they were charged by the ABC Board with violating §28-3A-25(a)(3), Ala. Code 1975, as a result of their employee's April 6, 1989, sale of alcoholic beverages to the minor. After an administrative hearing, the Board adjudged them guilty of violating § 28-3A-25(a)(3) and imposed a fine of $500.
The Bartletts filed a complaint for judicial review with the Circuit Court of Mobile County. The court affirmed. The Bartletts appealed to this Court on February 20, 1991. This Court transferred the case to the Court of Civil Appeals, which stated the dispositive issue as "whether the agents of the ABC Board had the authority to aid and abet a minor child under the age of 19 years to commit a criminal offense, or whether the agents had the authority to use a minor child to commit a criminal offense, without first complying with § 13A-3-22, Code 1975." Bartlett v. Alabama Alcoholic Beverage Control Board,654 So.2d 1136 (Ala.Civ.App. 1991).
The Court of Civil Appeals (with Judge Russell dissenting) stated that "[w]hile it is unlawful for a licensee to sell alcoholic beverages to any minor, it is also unlawful for anyminor to purchase alcoholic beverages within this state. §28-3A-25(a)(19), Code 1975." 654 So.2d at 1137. The court stated that *Page 1141 
"using a minor child, without prior judicial approval, to commit an illegal act is not a reasonable exercise of the ABC Board's agent's powers, duties or functions," and held, therefore, that "the use of the minor child in this case does not fit within any of the exceptions in § 13A-3-22, Code 1975." 654 So.2d at 1137-1138.
The Court of Civil Appeals reversed the judgment and remanded the case. This Court denied the Board's petition for the writ of certiorari on February 14, 1992 (Maddox, J., dissenting)654 So.2d 1138.
However, because of the public policy considerations involved in using minors as decoys in enforcing the laws regulating the sale and purchase of intoxicating liquors in this State, this Court on April 4, 1992, issued the writ ex mero motu in order to review the judgment of the Court of Civil Appeals and to set some general guidelines as to when and under what circumstances minors may be used in undercover operations.
 I
The ABC Board argues that its use of minors in undercover operations is permitted by § 13A-3-22, Ala. Code 1975, which provides:
 "Unless inconsistent with other provisions of this article, or with some other provision of law, conduct which would otherwise constitute an offense is justifiable and not criminal when it is required or authorized by law or by a judicial decree or is performed by a public servant in the reasonable exercise of his official powers, duties, or functions."
(Emphasis added.)
In applying § 13A-3-22 to this case, the Court of Civil Appeals held that the Board's conduct was not authorized or required by law and noted that the agents had not obtained a "judicial decree" authorizing them to use a minor child to commit what would ordinarily be a criminal act. Bartlett, 654 So.2d at 1137. The court further held that because the minor was not working for the ABC Board, but was a "volunteer," he did not qualify as "a public servant in the reasonable exercise of his official duties." 654 So.2d at 1137. The court stated that "the use of these minors to commit these illegal acts must be closely monitored by judicial approval, and hopefully by parental approval." 654 So.2d at 1138.
We disagree with the framing of the issue by the Court of Civil Appeals and that court's conclusion that the minor in this undercover operation did not qualify as a "public servant" within the meaning of § 13A-3-22, but we recognize that the use of minors as decoys in undercover operations should be circumscribed by some general guidelines. The "regulation of liquor traffic is subject to the intrinsic police power of the state, a broad and plenary power." Ott v. Everett,420 So.2d 258, 260 (Ala. 1982); see also, State ex rel. Wilkinson v.Murphy, 237 Ala. 332, 186 So. 487 (1939). This intrinsic power includes the enforcement of all applicable state laws enacted for the purpose of preventing and discouraging the sale of alcoholic beverages to minors.
Under the facts of this case, the use of the minor by the enforcement agents in their undercover operations was in no way for the purpose of aiding and abetting the minor to commit a criminal offense, but was for the purpose of carrying out the powers granted to the Board by law in carrying out its duty to regulate and control the sale and use of alcoholic beverages. In Funari v. City of Decatur, 563 So.2d 54, 55 (Ala.Cr.App. 1990), the Court of Criminal Appeals correctly stated that "§28-3A-25(a)(3) was enacted for the purpose of protecting the public welfare, health, peace, and morals of the people of this state and should be deemed a valid exercise of the state's police power." Furthermore, that court held that "[t]he purpose of the legislation prohibiting the sale of alcohol to minors [§28-3A-25(a)(3)] is to promote and protect the public welfare of minors." Id. Because the sale of alcoholic beverages to minors can be effectively policed only by the use of minors, we hold that, under the provisions of § 13A-3-22, and based on the undisputed facts of this case, the minor here was a "public servant" within the meaning of the statute. We reach that conclusion based on the fact that § 13A-3-22 *Page 1142 
is patterned after New York Penal Law § 35.05 (1968), which provides:
 "[C]onduct which would otherwise constitute an offense is justifiable and not criminal when:
 "1. Such conduct . . . is performed by a public servant in the exercise of his official powers, duties and functions. . . ."
(Emphasis added.)
The New York Supreme Court, Appellate Division, in People v.Mattison, 75 A.D.2d 959, 428 N.Y.S.2d 355, 357 (1980), interpreted "public servant" to include "public officers, employees of any political subdivision, as well as 'any personexercising any functions of any such public officer oremployee.' " (Emphasis added.) The defendant in Mattison, a paid police informant, committed a crime and later attempted to defend his actions by claiming that his conduct was justifiable and not criminal because, he claimed, the act was committed by him while he was acting as a public servant and in a reasonable exercise of his official powers, duties, or functions. Id.,75 A.D.2d at 960, 428 N.Y.S.2d at 357. The court rejected the defendant's claim that his actions were "justifiable" under the statute, because the defendant produced no evidence that the police condoned, encouraged, or participated in the defendant's actions, and the defendant, during the time of the act, was not under the supervision and control of the police. Id. The court stated:
 "Although [he was] paid for information on an occasional basis, there was no proof that the defendant was hired as an employee, nor was it shown that [the police] delegated any specific police functions to him. Significantly, defendant did not elaborate on his alleged 'functions' pertaining to this matter, and activity beyond reporting information to [the police] could not be regarded as reasonable incidents of his supposed 'duties.' "
Id.
Applying this rationale to the present case, we note that there is ample evidence of record to show that the minor was delegated, and that he performed, certain police functions in participating and assisting in the undercover operation. The minor at all times followed the instructions given by the ABC Board agents and at all times was under their supervision and control. In addition, the ABC Board agents, at least three and one-half hours before starting the undercover operation in question, furnished the minor with a transmitter and administered a pat-down search to ensure that he had in his possession only his valid driver's license and the bills from which the agents had recorded the serial numbers. These facts reflect the planning and organization of the undercover operation in question and the supervision and control exercised by the ABC Board agents over the minor, and they support the conclusion that the minor was operating as a "public servant" under § 13A-3-22.
Furthermore, the minor was used for the purpose of obtaining evidence indicating violations of § 28-3A-25(a)(3). This fact supports the Board's contention that the use of minors to discover illegal sales of alcoholic beverages to minors is a reasonable exercise of official powers, duties, or functions. The purpose of the operation was not to aid and abet the commission of a criminal offense, but to exercise and carry out the very powers and duties assigned by law to the ABC Board and set out in its regulation — power and duties to be exercised in controlling the sale and use of alcoholic beverages.
The analogous case of People v. Superior Court, 65 Cal.App.3d 842,134 Cal.Rptr. 361 (1976), involved a statute, similar to § 28-3A-25(a)(3), prohibiting the sale of marijuana to minors. In that case, a 17-year-old minor volunteered his services to the San Mateo Police Department in efforts to assist in stopping drug traffic in the local high schools. Id.,65 Cal.App.3d at 844-45, 134 Cal.Rptr. at 362. The minor was furnished bills from which the serial numbers had been recorded, was equipped with a transmitting device, and was taken by an undercover police officer, who parked in a van on a nearby street, to interact with students near a high school. Id., 65 Cal.App.3d at 845, 134 Cal.Rptr. at 362-63. The minor made a purchase of "one lid of marijuana" from the defendant. Id., 65 Cal.App.3d at 845, 134 Cal.Rptr. at 363. Subsequently, the minor made another larger *Page 1143 
purchase of marijuana from the defendant. Id.
At trial, the defendant in People v. Superior Court
maintained that the employment of minors as decoys in undercover law enforcement activities involving the purchase of marijuana was unlawful and that the evil inherent in this form of undercover activity could be remedied only by dismissing the criminal charges brought against him. Id. The California Court of Appeals held that neither public policy nor the statute prohibiting persons from inducing minors to use marijuana precluded the police from using minors as decoys in the undercover purchase of marijuana. Id. The court said that it did "not perceive any 'evil' policy in the utilization by the police of minors as decoys in the legitimate pursuit of drug pushers whose prime markets are also minors attending high school." Id.
Following the logic of People v. Superior Court, we conclude that the conduct of the ABC Board's enforcement agents in using a minor in this undercover operation was not only proper and within the laws of this state, but was probably the most effective manner of regulating and enforcing the laws of this state prohibiting the sale of alcoholic beverages to minors. Effective enforcement can realistically be achieved only by using minors as decoys.
 II
The use of minors in undercover operations should be strictly regulated to protect the interest of the minors and their parents or guardians and the integrity of the process. Because the questions of when and under what circumstances minors can be used as undercover agents are of great public importance, we now establish certain minimum requirements for coming within the protection of § 13A-3-22. A procedure should be adopted, preferably by an administrative rule:
 (1) that will ensure that the minor's parents or guardians consent to the minor's involvement in the undercover operations;
 (2) that designates which officers or agents can appoint or hire a minor to perform undercover work;
 (3) that requires a description of the undercover operation to be performed;
 (4) that provides for the audiotaping or videotaping of the undercover operation; and
 (5) that provides a procedure for marking or otherwise identifying any money used.
In lieu of adopting an administrative rule setting out this procedure and then following that procedure, the ABC Board could petition the juvenile court for an order authorizing the use of a minor in an undercover operation. In that event, the court will ensure that the minimum standards we have set out here are met.
In this case, it appears that the ABC Board substantially complied with what we have here established as the minimum procedure to be followed in order to get the protection afforded by § 13A-3-22. Therefore, the Court of Civil Appeals erred in holding that the minor could not be used in the undercover operation in this case; its judgment is reversed and the cause is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, HOUSTON and INGRAM, JJ., concur.
ALMON[1] and STEAGALL, JJ., concur in the result.
[1] Justice Almon did not sit for the oral argument on this case, but he listened to the tapes of the oral argument.