I agree that the judgment of the Court of Civil Appeals should be reversed. However, in deciding this case I think it unnecessary to determine whether a minor, in purchasing alcoholic beverages for the purpose of policing Board licensees, acts as a "public servant" reasonably exercising his "official powers, duties, or functions" under § 13A-3-22. *Page 1144 
The Alabama Alcoholic Beverage Control Board charged the respondents, Jean and Frank Bartlett, with selling intoxicating beverages to a minor in violation of Ala. Code 1975, §28-3A-25(a)(3). After an administrative hearing, the Board found the Bartletts guilty and fined them $500. The Bartletts then sought judicial review of the Board's order pursuant to the Alabama Administrative Procedures Act, Ala. Code 1975, §§41-22-1 through 41-22-27.
In that proceeding, the Bartletts raised two defenses: 1) that the State's dismissal of a criminal charge against their employee who actually sold the alcohol to the minor barred the action against them because of principles of res judicata; and 2) that the Board's use of a minor to purchase the alcohol constituted entrapment. The trial court rejected the Bartletts' contentions and affirmed the decision of the Board. The court specifically found that "the [Bartletts'] employee, without coercion, acted voluntarily in selling the alcoholic beverage complained of in this case to the minor."
The subsequent appeal to the Court of Civil Appeals and the review in this Court have centered entirely on the Board's authority to use minors in an undercover capacity to purchase alcoholic beverages for purposes of policing Board licensees. This is unwarranted, however, for that question has not been shown to provide a defense to the proceeding against the Bartletts for selling alcoholic beverages to a minor. The Bartletts' legal defenses asserted in the trial court — res judicata and entrapment — do not depend upon a resolution of the issue the majority addresses here. The res judicata defense clearly has no relation to that issue. The entrapment defense also is not dependent upon that issue, for the only question in the entrapment context is whether the defendant is predisposed to commit the crime, or whether the State planted the idea in the defendant's mind. Sorrells v. United States, 287 U.S. 435,53 S.Ct. 210, 77 L.Ed. 413 (1932); Sherman v. United States,356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). Here, the employee was not reluctant to sell the alcohol to the minor, even after the minor presented his identification; therefore the State cannot be said to have placed the criminal design in the employee's mind. Because the majority's resolution of the issue regarding the Board's use of the minor is unnecessary in order to dispose of this case, I concur only in the result.
Moreover, if I were to reach the issue addressed in the majority opinion, I would disagree with the majority's conclusion that the minor in this case was a "public servant" who bought liquor "in the reasonable exercise of his official powers, duties, or functions." The majority says that "the minor was delegated, and . . . he performed, certain police functions in participating and assisting in the undercover operation." 654 So.2d at 1142. I find it a curious proposition to assert that the ABC Board has authority to delegate its police functions to minors, when the police function in question is the prevention of sale of alcoholic beverages to minors. Assuming, arguendo, that the Board has such authority, I still do not see how the delegated functions become "his [the minor's] official powers, duties, or functions." Does the minor become a state official as well as a public servant? What office does he hold? I ask these rhetorical questions to show that the majority's strained reading of the statute is well outside its natural and reasonable reading.
In enacting this portion of § 13A-3-22, the legislature clearly intended by its use of the terms "public servant" and "official" to limit the justification for otherwise criminal acts to persons who are officers or employees of state or local government and who are thereby responsible for any misuse of their official power. All of the examples in the commentary to the section involve police officers, sheriffs, game wardens, or similar officers or employees of state and local government:
 "This section recognizes that conduct engaged in by a public servant in the course of his official duties is justified when it is required or authorized by law. Examples: execution of convict pursuant to judgment of court; sheriff's levying execution on goods; breaking door to execute a search warrant; seizure of illegal game by game warden. *Page 1145 
 "The provision, 'or is performed by a public servant in the reasonable exercise of his official powers, duties or functions,' a feature of the original draft, was reenacted by the 1979 legislature. The section justifies conduct not only when it is explicitly authorized by law or judicial decree, but also when it was a reasonable exercise of official duties or functions. Thus, there may be no specific law that authorizes police officers to possess unlawful narcotics, but the possession of illicit drugs by an officer who recently purchased them solely as evidence against a 'pusher' would be covered and excused."
Thus the majority places the minor here in the same category with the executioner, who is protected by § 13A-3-22 from a charge of murder, and the narcotics agent, who is protected from a charge of possession of controlled substances. I do not think the ABC Board should be allowed to introduce minors into such hazardous areas of law enforcement without specific statutory authorization.
The majority points out that § 13A-3-22 was (in the words of the Committee Comments) "patterned after" New York Penal Law § 35.05. The majority then quotes a portion of People v.Mattison, 75 A.D.2d 959, 428 N.Y.S.2d 355 (1980), and argues that that case supports the majority's conclusion here. Aside from the fact that a reading of the entire case shows that the New York court's reading of the statute was narrower than the majority implies, a crucial difference between the New York statutory law and our statute makes that case entirely irrelevant to our statute. After quoting § 35.05, the New York court continued:
 "In turn, a 'public servant' is defined to include public officers and employees of any political subdivision, as well as 'any person exercising the functions of any such public officer or employee.'
(Penal Law, § 10.00, subd. 15, par. [b].)"
75 A.D.2d at 960, 428 N.Y.S.2d at 357 (emphasis added). Our legislature did not adopt this provision of the New York law when it adopted the provision that is now § 13A-3-22. The majority thus reads into the statute a provision that the legislature did not adopt.
The majority cites People v. Superior Court, 65 Cal.App.3d 842,134 Cal.Rptr. 361 (1976), but I find that case not at all persuasive, because that case did not turn on a legislative act analogous to § 13A-3-22.
Over and above its act of making § 13A-3-22 applicable to persons not within the terms of the legislative enactment, the majority engages in legislating by creating a set of criteria by which to judge when minors may be transformed into "public servants" with the "official function" of making otherwise illegal purchases of alcoholic beverages. This act of crafting criteria illustrates the wisdom of limiting the operation of §13A-3-22 to its terms.
In the face of a legislative act that clearly and unequivocally specifies the circumstances in which conduct, otherwise criminal, is justifiable, I see no basis for ignoring the act or for creating an independent set of criteria for justifying such conduct. For the reasons stated at the beginning of this opinion, I concur in the result.
STEAGALL, J., concurs.