■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL DE LA CRUZ, Defendant-Appellant. [636 NYS2d 788] —Judgment, Supreme Court, Bronx County (William Wallace, III, J.), rendered April 3, 1991, convicting defendant, after a jury trial, of murder in the second degree and attempted murder in the second degree, and sentencing him to concurrent terms of 25 years to life and $8^{1}/_{3}$ to 25 years, respectively, unanimously affirmed.

The court erred in denying defendant's motion to preclude the identification testimony of one of the witnesses since the People failed to serve timely notice pursuant to CPL 710.30 that the witness had previously identified defendant in a photographic array (People v McMullin, 70 NY2d 855). However, the error was harmless in view of the overwhelming evidence of defendant's guilt (People v Tatum, 205 AD2d 397, lv denied 83 NY2d 1008).

Defendant's claim that he was illegally detained at the precinct after a witness identified his photograph from a photographic array is without merit. The witness's identification of defendant from the photographic array was sufficient to provide probable cause (People v Mitchell, 170 AD2d 542, lv denied 78 NY2d 956).

Any error by the trial court in denying defendant's request to dismiss a prospective juror for cause would not be reversible since the record reveals that defendant did not exhaust his peremptory challenges, notwithstanding erroneous comments by the court clerk in this regard (CPL 270.20 [2]). In any event, the trial court properly exercised its discretion in denying defendant's challenge for cause. While the prospective juror, whose brother was a State trooper in New Mexico and whose father had been a New York City police officer approximately 25 years earlier, initially stated that he believed the police to be more accurate because of their training, he thereafter indicated that police officers were not necessarily more truthful or accurate than other people, that as a juror at a previous trial he was able to put the occupations of his brother and father out of his mind, that he could be a fair juror, and that he did not have any "prejudices" or "slants" due to his brother's occupation. Thus, the statements, when viewed as a whole, do not indicate that the prospective juror possessed "a state of mind that [was] likely to preclude him from rendering an impartial verdict" (CPL 270.20 [1] [b]; *People v Pagan*, 191 AD2d 651, 652, *lv denied* 81 NY2d 1017).

We have reviewed defendant's other claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Wallach, Kupferman and Ross, JJ.