■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. RUSSELL, Appellant. [733 NYS2d 292] —Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered June 16, 2000, upon a verdict convicting defendant of the crime of driving while intoxicated and certain traffic infractions.

Defendant was indicted by a Grand Jury for the crime of driving while intoxicated as a felony and three traffic infractions resulting from his operation of a motor vehicle on Interstate Route 90 in Schenectady County on July 13, 1999. Convicted of all charges after a jury trial, defendant was sentenced to an indeterminate term of imprisonment of 2⅓ to 7 years and a $2,000 fine for his driving while intoxicated conviction and concurrent 15-day jail sentences for his traffic infraction convictions. Defendant now appeals.

Turning first to defendant's claim that County Court committed reversible error by failing to uphold the defense's challenge for cause for a certain juror, we find that, under the circumstances presented, the court's ruling was not reversible error. CPL 270.20 (2) provides, in pertinent part, as follows: "An erroneous ruling by the court denying a challenge for cause by the defendant does not constitute reversible error unless the defendant has exhausted his peremptory challenges at the time or, if he has not, he peremptorily challenges such prospective juror and his peremptory challenges are exhausted before the selection of the jury is complete."

Defendant was indicted for a class D felony (*see*, Vehicle and Traffic Law § 1193 [1] [c] [ii]), entitling him to 10 peremptory challenges during the selection of regular jurors and two challenges for each alternate juror (*see*, CPL 270.25 [2] [c]). The record reveals that at the point that defendant challenged the juror at issue for cause, he had only exercised seven of his 10 peremptory challenges and did not exhaust all 10 of those challenges when jury selection was completed. Were we to find County Court's denial of defendant's challenge for cause erroneous, it is not reversible error (*see*, *People v Lynch*, 95 NY2d 243, 248; *People v De La Cruz*, 223 AD2d 472, 473, *lv denied* 88 NY2d 846; *People v Dehler*, 216 AD2d 643, *lv denied* 86 NY2d 734), as defendant had an opportunity at trial to rectify any harm from the allegedly erroneous ruling (*see*, *People v Lynch*, *supra*, at 248). Consequently, we reject defendant's claim of error.

Defendant also claims that his conviction must be reversed because, during jury selection, one of the prospective jurors seated in the jury box indicated that she knew a prospective defense witness and stated, in the presence of the other prospective jurors, "I don't believe anything he's ever said." While this juror was dismissed by consent of both parties, several of the prospective jurors then seated with her served on defendant's jury. Defendant argues that the dismissed juror's comment improperly biased the jury who heard the witness testify

at trial that he provided defendant with some pills which defendant claimed caused the erratic driving for which he was stopped by the police.

Initially, we note that at the time the allegedly prejudicial remark regarding the witness was made, defendant did not request that County Court inquire of the other prospective jurors as to whether they heard the remark and did not ask for any curative instruction. Further, defendant did not move for a mistrial, nor did he move to set aside his conviction due to this allegedly prejudicial incident. Such failure to act constitutes a waiver of the issue and precludes our review (*see, People v Frisbie*, 115 AD2d 911, 912; *see also, People v Rodriguez*, 220 AD2d 208, 209, *lv denied* 87 NY2d 977; *People v Hammond*, 132 AD2d 849, 850, *lv denied* 70 NY2d 875).

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.