■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG DOHERTY, Appellant. [828 NYS2d 695]—

Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered October 2, 2003, upon a verdict convicting defendant of the crimes of grand larceny in the third degree and criminal possession of a forged instrument in the second degree (12 counts).

Following a jury trial, defendant was found guilty of grand larceny in the third degree and 12 counts of criminal possession of a forged instrument in the second degree and was sentenced to concurrent prison terms of 1⅓ to 4 years on each count.

On this appeal, defendant contends that he was denied a fair and impartial jury. During voir dire, a prospective juror advised

the prosecuting attorney that he needed to hear both sides of the case before he could make a considered decision. Thereafter, defense counsel asked each prospective juror whether he or she would need to hear "both sides" before rendering a decision. When 14 of the prospective jurors answered in the affirmative, defendant moved for a mistrial or, in the alternative, challenged the entire panel. County Court denied both applications.

We find no abuse of discretion in County Court's denial of defendant's motion for a mistrial. The record reveals no error or defect in the proceedings that was prejudicial to defendant so as to deprive him of a fair trial (*see* CPL 280.10 [1]; *People v Wright*, 5 AD3d 873, 875 [2004], *lv denied* 3 NY3d 651 [2004]). Insofar as defendant's challenge to the entire panel may be construed as a challenge for cause as to each of the jurors who indicated they would like to hear "both sides" of the case, we note that the "erroneous denial of a challenge for cause 'does not constitute reversible error unless the defendant has exhausted his peremptory challenges at the time or, if he has not, he peremptorily challenges such prospective juror and his peremptory challenges are exhausted before the selection of the jury is complete' " (*People v Lynch*, 95 NY2d 243, 248 [2000], quoting CPL 270.20 [2]; *see People v Russell*, 288 AD2d 759, 760 [2001]). Because defendant did not exhaust his peremptory challenges before jury selection was complete, his argument is unavailing.

Defendant also contends that Heather Vincent, one of the People's chief witnesses, lacked credibility due to her own criminal history, and if her testimony is discounted the verdict is against the weight of the evidence. We note that issues of credibility and the weight accorded to evidence are matters to be resolved by the jury (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Hargett*, 11 AD3d 812, 814 [2004], *lv denied* 4 NY3d 744 [2004]; *People v Brockway*, 277 AD2d 482, 484-485 [2000]). Upon our own independent review of the record, and according due deference to the jury's credibility determinations, we find that the verdict was not against the weight of the evidence (*see People v Bleakley, supra* at 495).

We have considered defendant's remaining contentions, including those contained in his pro se brief, and find them unavailing.

Mercure, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.