People v Williams (2024 NY Slip Op 06450)

People v Williams

2024 NY Slip Op 06450

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

758 KA 22-01176

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES WILLIAMS, DEFENDANT-APPELLANT. 

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Gordon J. Cuffy, A.J.), rendered December 15, 2021. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]) in connection with the shooting death of the victim.
Defendant contends that he was denied a fair and impartial jury. During voir dire, a prospective juror suggested that she may have known of defendant due to her position as a correction officer. Defendant's request to "strike the entire panel" was denied. In this context, defendant's request constituted a for-cause challenge to each of the prospective jurors that had been assembled for voir dire in the same group (see People v Doherty, 37 AD3d 859, 860 [3d Dept 2007], lv denied 9 NY3d 843 [2007]; see generally People v Chavys, 263 AD2d 964, 964 [4th Dept 1999], lv denied 94 NY2d 821 [1999]). In other words, defendant was not attempting to strike the entire panel of prospective jurors on the basis that the selection process was unconstitutional or otherwise improper, but was rather attempting to strike multiple prospective jurors, for cause, that allegedly had been individually prejudiced such that each had "a state of mind that [was] likely to preclude" the rendering of an impartial verdict (CPL 270.20 [1] [b]). Even assuming, arguendo, that County Court erred in refusing to excuse for cause the prospective jurors in question, we conclude that "such an error would not constitute reversible error 'unless . . . defendant ha[d] exhausted his peremptory challenges at the time or, if he ha[d] not, he peremptorily challenge[d] such prospective juror[s] and his peremptory challenges [were] exhausted before the selection of the jury [was] complete,' " and neither scenario is applicable here (People v Osman, 174 AD3d 1477, 1480 [4th Dept 2019], lv denied 34 NY3d 1080 [2019], quoting CPL 270.20 [2]; see People v LaValle, 3 NY3d 88, 102 [2004]; People v Case, 197 AD3d 985, 987 [4th Dept 2021], lv denied 37 NY3d 1160 [2022]; Doherty, 37 AD3d at 860).
Defendant contends that the verdict is against the weight of the evidence because, although the evidence established that he was near the scene at the time of the shooting, it did not establish that he entered the apartment in which the shooting occurred. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Here, "the element of identity was established by a compelling chain of circumstantial evidence that had no reasonable explanation except that defendant was [the shooter]" (People v Jackson, 140 AD3d 1771, 1771 [4th Dept 2016], lv denied 28 NY3d 931 [2016]), despite the fact that no one witnessed, and no video showed, [*2]defendant firing the shots that struck the victim (see People v Scott, 198 AD3d 1325, 1326 [4th Dept 2021], lv denied 37 NY3d 1164 [2022]; People v Clark, 142 AD3d 1339, 1341 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]; see generally People v Malone, 196 AD3d 1054, 1055 [4th Dept 2021], lv denied 37 NY3d 1028 [2021]).
Defendant further contends that he was denied a fair trial by prosecutorial misconduct on summation, but we note that he failed to object to any of the comments he now raises on appeal, and thus his contention is not preserved for our review (see People v Smith, 150 AD3d 1664, 1666 [4th Dept 2017], lv denied 30 NY3d 953 [2017]). In any event, defendant's contention is without merit. We conclude that any improper remarks made by the prosecutor did not deny defendant a fair trial (see id. at 1666-1667; see also People v Freeman, 206 AD3d 1694, 1695 [4th Dept 2022]).
Contrary to defendant's contention, the sentence is not unduly harsh or severe. We note, however, that the uniform sentence and commitment form erroneously states that defendant was sentenced to five years of imprisonment on each count of criminal possession of a weapon in the second degree, and it must therefore be amended to reflect that he was sentenced to seven years of imprisonment on each of those counts.
Finally, we agree with defendant that, as the People correctly concede, the presentence report (PSR) has not been amended as the court directed during sentencing and, therefore, all copies of the PSR must be amended in accordance with the court's directive (see e.g. People v Lovines, 208 AD3d 1639, 1639-1640 [4th Dept 2022]; People v Bubis, 204 AD3d 1492, 1495 [4th Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Barbuto, 126 AD3d 1501, 1505 [4th Dept 2015], lv denied 25 NY3d 1159 [2015]).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court