146 So. 531

STATE ex rel. KNIGHT, Atty. Gen., v. DE-GRAFFENRIED.

6 Div. 319.

Supreme Court of Alabama.

Feb. 28, 1933.

Thos. E. Knight, Jr., Atty. Gen., and A. A. Carmichael, Asst. Atty. Gen., for the State.

**170**

Harwood & McQueen, J. M. Ward, and T. B. Ward, all of Tuscaloosa, and R. B. Evins, of Birmingham, for defendant.

Counsel filed no written brief.

FOSTER, Justice.

█ The acquittal of defendant on a criminal charge is not a bar to the enforcement of a civil right by the state against the same defendant based upon the facts which constituted such criminal charge, 2 Freeman on Judgments, § 656, p. 1384; Stone v. U. S., 167 U. S. 178, 17 S. Ct. 778, 42 L. Ed. 127; State v. Lewis, 164 Wis. 363, 159 N. W. 746, unless the civil right thus sought to be enforced is itself a proceeding for the further punishment of the defendant. Under such circumstances "it is regarded as a second attempt to punish for the same crime, and a previous acquittal is conclusive in favor of the defendant." 2 Freeman on Judgments, § 656, page 1386, Coffey v. U. S., 116 U. S. 436, 6 S. Ct. 437, 29 L. Ed. 684.

█ In applying such principles to impeachments, the solution of the question involved, we think, depends upon whether they are regarded as criminal in nature, or mere civil actions to rid the public of an unfaithful servant. Hawker v. U. S., 170 U. S. 189, 196, 18 S. Ct. 573, 42 L. Ed. 1002. If they are criminal, they are barred by the acquittal. But some cases hold that impeachments are not criminal, upon which they conclude that such acquittal is not a bar to an impeachment based upon the same offense of which he was acquitted. In re Mason, 147 Minn. 383, 181 N. W. 570.

█ But upon careful consideration, this court long ago held, and has consistently sustained the view, that an impeachment proceeding under our Constitution is a criminal prosecution in which defendant has certain constitutional rights safeguarded to a defendant in a criminal case, though not a trial by jury. State v. Buckley, 54 Ala. 599; State v. Tally, 102 Ala. 25, 15 So. 722; State v. Robinson, 111 Ala. 482, 20 So. 30; Batson v. State, 216 Ala. 275, 113 So. 300; section 5294, Code.

Such construction of article 7, § 4, of the Constitution of 1875 was approved by its readoption as section 176 of the Constitution of 1901.

The authorities point out that in a criminal case the burden is on the state to prove guilt beyond a reasonable doubt, and to show a willful violation of the law; that in civil suits to enforce property or civil rights of the state, not involving punishment, no such willful intent is necessary, and the burden of proof is different. Also that if the civil suit is to enforce a penalty, it is an additional punishment for the same crime, and in such cases whether the burden is the same or not, the state cannot again try the question of guilt of the same crime to impose such additional punishment, since it has failed to prove the existence of the crime in the criminal case, as manifested by a judgment in full force and effect. The reason doubly applies when the subsequent proceeding is one in which the state is otherwise bound by the same burden, as in a criminal case.

We do not think that by so holding we disparage the effect of section 174, Constitution. A defendant has not the legal right by his own selection to try the criminal case in the circuit or other court, and thereby circumvent a trial of the same issue by this court in the impeachment proceeding under the Constitution. But the power is with the state to bring to trial the impeachment first. When the state selects the other course, and tries the criminal charge first, resulting in an acquittal it is not in its province to say that thereby this court is deprived of its constitutional power under section 174. This court may still proceed under section 174, and in determining the facts so charged the state and this court are bound by the fact, if properly pleaded and proven, that the charge is not true because it has been legally and constitutionally so found by a jury in a regular proceeding in which the state was a party and sought a conviction. In all subsequent proceedings of a criminal nature, the estoppel is mutually binding on the state and defendant. If defendant had been convicted such conviction would be binding on him in the trial of such impeachment proceedings. Sections 2699, 5294, Code; State v. Blake, 225 Ala. 124, 142 So. 418; Hawker v. U. S., supra.

The state's demurrer to defendant's special pleas is overruled.

We understand from the argument that the state does not controvert the facts alleged in them. Further consideration of the proceeding is therefore unnecessary, and it is dismissed, and defendant discharged.

All the Justices concur.