Donna REED, d/b/a The Corner Deli, Inc. *v.*
ALCOHOLIC BEVERAGE CONTROL DIVISION

87-324                                              746 S.W.2d 368

Supreme Court of Arkansas
Opinion delivered March 14, 1988
[Rehearing denied April 18, 1988.]

*Donna Reed*, pro se.

*Treeca J. Dyer*, for the appellee.

DARRELL HICKMAN, Justice. ■ The director of the Alcoholic Beverage Control Board suspended the appellant's liquor license for seven days and placed the permit on probation for 60 days. The board affirmed the director's decision. On appeal to the circuit court the board's decision was affirmed, and the appellant appeals to us *pro se*. She raises 11 arguments on appeal, most of which were not raised below. We will not address those arguments. *Arkansas Cemetery Board* v. *Memorial Properties, Inc.*, 272 Ark. 172, 616 S.W.2d 713 (1981).

The ABC director put out a pickup order on the appellant's permit because she had failed to pay a fine previously imposed. The order was served on July 7, 1986, and the permit was picked up on that date. The ABC received information that the appellant was selling beer even though her permit had been picked up. An agent from the ABC along with a detective from the Hot Springs Police Department and a confidential informant went to the liquor store to determine if the appellant was violating the law by selling liquor without a posted permit.

According to the police officer, the appellant's daughter, a 12 year old, sold a six-pack of beer to the informant. The director's order to suspend the license followed.

■■ The main contention of the appellant is that this action is barred because other court proceedings exonerated the appellant. The appellant had been found not guilty in municipal court of contributing to the delinquency of a minor; the charge of selling liquor without a license was *nolle prossed*. The appellant cites no authority for her argument. *See Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977). However, the double jeopardy clause is limited to criminal actions and does not preclude separate civil proceedings arising out of the same incident. Evidence of acquittal of a criminal offense is not a bar to civil proceedings. *See* 21 Am. Jur. 2d *Criminal Law* § 251 (1981).

■ The appellant contends she was denied her constitutional rights because the board did not allow her to subpoena witnesses. The appellant was not denied the right to present or question any material witnesses. All of the witnesses the appellant asked to have subpoenaed were at the administrative hearing. The board did not permit the appellant to question the board's attorney. However, the appellant has not indicated what questions she would have asked the attorney, or how her testimony would be relevant. So no prejudice has been demonstrated. *Baldwin Company* v. *Ceco Corporation*, 280 Ark. 519, 659 S.W.2d 941 (1983).

■■ The appellant also seems to contend that the wrong standard of review was applied in this case. This seems related to her double jeopardy argument. The board should conduct a *de novo* hearing, which it did; this decision was then appealed to the circuit court which approved the board's decision because it was

supported by substantial evidence. On appeal to us we also look to see if it is supported by substantial evidence. We do not substitute our judgment for that of the board. *Breed* v. *Carder*, 282 Ark. 239, 667 S.W.2d 660 (1984).

In this case we find no basis to overturn the board's decision and therefore affirm the judgment of the circuit court.

Affirmed.