ARKANSAS HEALTH SERVICES COMMISSION, et al.
*v.* AREA AGENCY ON AGING OF WESTERN
ARKANSAS

90-37                                                      792 S.W.2d 321

Supreme Court of Arkansas
Opinion delivered July 9, 1990

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellant.

*Warner and Smith*, by: *P.K. Holmes III*, for appellee.

DALE PRICE, Justice. This case concerns an application by the appellee, Area Agency on Aging (AAA), for permits to conduct home health care services in five western Arkansas counties. The application was made to the appellant Arkansas Health Services Agency (Agency). The Agency recommended to the Arkansas Health Services Commission (Commission) that the application be denied. The trial court ruled that, because the Agency failed to submit its recommendation to the Commission within 90 days, as required by Ark. Code Ann. § 20-8-104(d) (Supp. 1989), the application must be automatically approved. The Agency and the Commission appeal from that ruling. We find no error and affirm.

The parties agree that AAA's application was formally received by the Agency on July 30, 1987. Shortly thereafter, the Agency suggested that AAA agree to a delay in the consideration of its application to allow the Commission to review, and possibly revise, its standards used in reviewing these types of applications. On October 9, 1987, 71 days after the application was received, a representative of AAA agreed by letter to a postponement of any

decision on its application. The pertinent part of the letter reads as follows:

> I respectfully request that your office postpone making a decision on our applications for certificate of need . . . until the newly formed Health Services Commission has an opportunity to review and amend the determination of need standards.

The Commission met on February 17, 1988, and decided not to revise its standards. Eighty-three days later, on May 11, 1988, the Agency notified AAA that it would recommend denial of its application. However, as the appellants acknowledge, this recommendation was not formally submitted to the Commission until May 18, 1988, which was the 91st day after the Commission's decision not to revise its standards.

Once the Commission denied AAA's application, AAA pursued an administrative appeal before the Commission. A hearing was held, and the primary topic of discussion was whether there in fact existed a need for AAA's services in western Arkansas. At the end of the hearing, AAA, for the first time, broached the subject of the 90 day period. No decision was sought from the Commission on the effect of the Agency's failure to submit a recommendation within 90 days. Instead, AAA indicated only that the issue would be pursued at some future time; it merely requested that it be allowed to determine for the record the precise date from which the 90 days would be counted. The Commission made no ruling on this issue, but did reaffirm its decision denying the appellee's application.

Appeal was then taken by AAA to the Sebastian County Circuit Court. Three grounds for relief were alleged in the complaint: (1) the Commission's action was not supported by substantial evidence, (2) the action was arbitrary and capricious, and (3) the action violated Arkansas law in that the Agency's recommendation was not submitted to the Commission within 90 days of receipt of AAA's application.

The court ruled that the appellee's application must be approved because the Agency failed to follow the 90-day rule set out in Ark. Code Ann. § 20-8-104(d) (Supp. 1989):

> The Health Services Agency shall review all applications for permits of approval and submit their recommendation for action to the commission within ninety (90) days of receipt of the application for permit of approval, without which the application shall be deemed approved.

The court reasoned that since 71 days had passed before AAA agreed to a postponement on October 9, the Agency had only 19 days after the Commission's February 17 decision in which to make its recommendation. Since the Agency did not act within that time period, the court ruled that AAA's application must be automatically approved. The Agency and Commission appeal from that ruling.

■ It is claimed that AAA was barred from raising the 90-day issue in the circuit court because it did not first present the issue to the Commission for determination. Indeed, we have recognized that an issue must be raised at the administrative level before it can be considered on appeal to the circuit court. *Alcoholic Beverage Control Division* v. *Barnett*, 285 Ark. 189, 685 S.W.2d 511 (1985); *Arkansas Cemetery Bd.* v. *Memorial Properties, Inc.*, 271 Ark. 172, 616 S.W.2d 713 (1981). However, the appellants did not object below to the circuit court's consideration of this issue. This argument is being made by the appellants for the first time on appeal and therefore we do not consider it. *Reed* v. *Alcoholic Beverage Control Division*, 295 Ark. 9, 746 S.W.2d 368 (1988).

■■ By the terms of the waiver, the Agency had 90 days from the date of the Commission's decision in which to submit its recommendation. Since the recommendation was not submitted until the 91st day after the decision, the trial court was correct in ordering the automatic approval of AAA's application. Although the trial court did not employ this line of reasoning, we will affirm if the correct result is reached. *Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984).

Affirmed.