AFTER REMAND FROM SUPREME COURT
ROBERTSON, Presiding Judge.
The prior judgment of this court has been reversed and annulled by the Supreme Court of Alabama. Bartlett v. Alabama Alcoholic Beverage Control Board, et al., 654 So.2d *1147 1139 (Ala.1993). This case is now before this court on remand from the supreme court.
We now address the Bartletts’ remaining two issues raised in their initial appeal to this court: (1) whether the doctrine of res judica-ta applied because the charges against the clerk/employee who actually sold the alcohol were dismissed; and (2) whether the actions by the Alabama Alcoholic Beverage Control Board (Board) constituted entrapment.
In concurring in the result, Justice Almon answered the entrapment issue, and we agree with his analysis; therefore, we find the contention of entrapment to be without merit. While Justice Almon stated that the res judicata defense had no relation to the issue of whether § 13A-3-22 was complied with, this issue has not been addressed by this court or by the supreme court.
On November 8, 1989, the Circuit Court of Mobile County rendered a judgment dismissing the criminal charge against the Package Palace employee who had actually sold the alcohol to the minor. The case action summary sheet reflects that the employee had appealed from a conviction in district court. The record reflects that a representative from the Board was in court when the trial court dismissed the criminal charge against the employee.
On November 16, 1989, the Board proceeded against the Bartletts on the charge that their employee had sold alcohol to a minor. The Bartletts were found guilty and fined $500.
On appeal to the Circuit Court of Mobile County, pursuant to § 41-22-20, Code 1975, the Bartletts contended that the Board’s charge against them was barred by the doctrine of res judicata, because the prior proceeding against the Bartletts’ employee had been adjudicated and dismissed by the circuit court. After reviewing the record of the hearing and the briefs submitted by the Bartletts and the Board, the trial court denied the Bartletts’ requested relief.
The essential elements of res judicata are: “(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits.” Hughes v. Alienstein, 514 So.2d 858, 860 (Ala.1987) (citing Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala.1978)).
It was undisputed that the Bartletts were not on the premises of Package Palace when the transaction between the minor and the employee occurred. Consequently, the only wrong involved was the act of the employee since the Bartletts did not aid or abet the employee to sell alcohol to a minor. Once the criminal charge against the employee had been dismissed, there had been a judgment on the merits as to the employee’s action. See A.B.C. Truck Lines v. Kenemer, 247 Ala. 543, 25 So.2d 511 (1946). There is no dispute that the judgment on the merits was by a court of competent jurisdiction, the Circuit Court of Mobile County.
We next determine if there was a substantial identity of parties. The Bart-letts’ employee was a party to the prior action in circuit court, and the Bartletts are parties to this action. The substantial identity of parties criterion of res judicata does not require complete identity, but only that the Bartletts and the Board were either a party or in privity with a party to the prior action. Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala.1990). The Board was a party to both actions, and the Bartletts were in privity with their employee in the prior action. However, it is only required that the party against whom res judicata is asserted, the Board in this case, was either a party or in privity with a party to the prior action. Id. We find there to be a substantial identity of parties in the prior action.
The fourth element requires that the same cause of action be presented in both cases. The principal test for comparing causes of action is whether the primary wrong is the same in each action. NAACP v. Hunt, 891 F.2d 1555 (11th Cir.1990). The primary wrong in the cause of action in circuit court was the employee’s sale of alcohol to a minor. It was undisputed, at oral argument, that the primary wrong in this action was the employee’s sale of alcohol to a minor. It is clear that the fourth criterion was met.
*1148 We are aware that the acquittal (or conviction) of a defendant on a criminal charge does not bar the enforcement of a civil right by the State against the same individual, based upon the same facts which constituted the criminal charge, State ex ret. Knight v. deGraffenried, 226 Ala. 169, 146 So. 531 (1933), unless the civil right sought to be enforced is a proceeding for further punishment of the defendant. Under such circumstances, it is regarded as a second attempt to punish for the same crime. Id.
If all four elements of res judicata “are met, any claim that was or could have been adjudicated in the previous action is precluded.” NAACP at 1560 (emphasis added). That is, any wrong that was, or could have been, adjudicated against the employee in the circuit court was precluded from being adjudicated in this action. Id. Consequently, we find that the doctrine of res judicata fits within the specific facts of this case because both actions were penal in nature, based on the same act, and there was a privity of parties. We hold that the judgment of the trial court is due to be reversed.
While we find the above issue dispositive on remand, we note that the supreme court stated that “it appears that the ARC Board substantially complied with what we have ... established as the minimum procedure to be followed in order to get the protection afforded by § 13A-3-22.” Bartlett v. Alabama Alcoholic Beverage Control Board at 1143. We cannot, however, determine from the record that, in fact, the Board did comply with these procedures.
The supreme court acknowledged that “the ABC Board could petition the juvenile court for an order authorizing the use of a minor in an undercover operation. In that event, the court will ensure that the minimum standards (procedures) we have set out here are met.” Id. at 1143. It is undisputed that the Board did not get prior judicial approval pursuant to § 13A-3-22, Code 1975. Consequently, absent a judicial order, the Board must meet the minimum requirements to come within the protection of § 13A-3-22. It is important to note that the supreme court did not make these requirements prospective only; in fact, the language in its opinion makes it clear that the minimum requirements were to be applied retroactively.
The first requirement compels the parents or the guardians of the minor to consent to the minor’s involvement in the undercover operation. As a general rule, we deem this the most important of the five requirements, but, in reviewing cases involving termination of parental rights, custody, sexual abuse, dependency, and other cases where a child is subjected to physical and mental abuse by a parent, this requirement will not afford the protection intended in many cases. The Board’s attorney conceded at oral argument that minor girls or minor boys could be used—regardless of age; regardless of operation, i.e., alcohol, drugs, prostitution, etc.; and regardless of law enforcement agency. Judicial approval pursuant to § 13A-3-22 would best protect the minor child from being exposed to overly dangerous “operations,” and it would also protect the Board, any other law enforcement agency, or any law enforcement officer, should a minor be seriously injured or killed while participating in one of these “undercover operations.”
The record on appeal in this case is devoid of any parental consent for the Board to use the minor in this operation. In view of the dispositive issue above, however, we deem it unnecessary to remand this case for the trial court to determine if the Board complied with the minimum requirements set out by our supreme court.
It is noteworthy that at oral argument on June 23, 1993, when Judge Thigpen asked the attorney for the Board if the supreme court’s guidelines as set out in its opinion of February 19, 1993, had been complied with by the Board, the answer was in the negative. It is also noteworthy that every law enforcement agency which elects to use minors must either adopt and follow the minimum standards set out by the supreme court or comply with § 13A-3-22, i.e., get prior judicial approval before using a minor in any “operation.”
The judgment of the trial court is reversed, and for judicial economy, judgment is hereby rendered in favor of the Bartletts.
REVERSED AND RENDERED.
THIGPEN and YATES, JJ., concur.