MADDOX, Justice.
The sole issue presented in this petition for certiorari review is whether the Alabama Alcoholic Beverage Control Board (“ABC Board”) could hold a disciplinary hearing involving one of its licensees and fine the licensee $500, as authorized by law, in view of the fact that a criminal charge against its employee involved the same act of alleged misconduct. Stated differently, the issue is whether the civil proceeding before the ABC Board was precluded by the doctrine of res judicata because there had been a final adjudication of the criminal charge against the licensee’s employee that arose out of the same operative facts.
The incident that gave rise to the legal issue presented here happened over five years ago, and the facts are set out in our opinion in Bartlett v. Alabama Alcoholic Beverage Control Board, 654 So.2d 1139 (Ala.1993). For a better understanding of the specific issue we decide in this case, we restate the facts as they were stated there:
“On April 6, 1989, at approximately 7:35 p.m., two ABC Board agents and an 18-year-old minor arrived at Jean and Frank Bartlett’s place of business, the ‘Package Palace,’ to conduct what the agents referred to as a ‘minor operative.’ One of the agents stayed outside with a video camera, while the other agent went inside to observe the transaction. The minor entered the store and requested a 200-milliliter bottle of Jack Daniel’s whiskey, which an employee of Bartlett’s business, Robert Douglas Howard, retrieved from the shelf. The agent who was inside the store testified that Howard checked the minor’s valid driver’s license before proceeding. The minor then handed Howard a $10 bill to pay for the $5.80 bottle of whiskey. Howard handed the minor his change, and the minor exited the store with the whiskey.
“Subsequently, both agents and the minor entered the store and identified themselves to Howard as participants in the *1151 ABC Board undercover operation. The agents informed Howard that he had committed a violation of law and requested to see, and then reviewed, his driver’s license. One of the agents then asked to see the $10 bills in the register. Howard cooperated. The agent testified that included in the bills Howard handed him was a $10 bill the serial number of which he had previously recorded. Howard was arrested and was charged with selling alcoholic beverages to a minor. The Bartletts were not on the premises when the sale or arrest occurred.
“The Bartletts received a letter dated September 6, 1989, in which they were charged by the ABC Board with violating § 28-3A-25(a)(3), Ala.Code 1975, as a result of their employee’s April 6, 1989, sale of alcoholic beverages to the minor. After an administrative hearing, the Board adjudged them guilty of violating § 28-3A-25(a)(3) and imposed a fine of $500.
“The Bartletts filed a complaint for judicial review with the Circuit Court of Mobile County. The court affirmed. The Bartletts appealed to this Court on February 20, 1991. This Court transferred the case to the Court of Civil Appeals, which stated the dispositive issue as ‘whether the agents of the ABC Board had the authority to aid and abet a minor child under the age of 19 years to commit a criminal offense, or whether the agents had the authority to use a minor child to commit a criminal offense, without first complying with § 13A-3-22, Code 1975.’ Bartlett v. Alabama Alcoholic Beverage Control Board, 654 So.2d 1136 (Ala.Cr.App.1991).
“The Court of Civil Appeals (with Judge Russell dissenting) stated that ‘[wjhile it is unlawful for a licensee to sell alcoholic beverages to any minor, it is also unlawful for any minor to purchase alcoholic beverages within, this state. § 28-3A-25(a)(19), Code 1975.’ 654 So.2d at 1137. The court stated that ‘using a minor child, without prior judicial approval, to commit an illegal act is not a reasonable exercise of the ABC Board’s agent’s powers, duties or functions,’ and held, therefore, that ‘the use of the minor child in this case does not fit within any of the exceptions in § 13A-3-22, Code 1975.’ 654 So.2d at 1137. The Court of Civil Appeals reversed the judgment and remanded the case. This Court denied the Board’s petition for the writ of certiorari on February 14, 1992 (Maddox, J., dissenting).
“However, because of the public policy considerations involved in using minors as decoys in enforcing the laws regulating the sale and purchase of intoxicating liquors in this State, this Court on April 4, 1992, issued the writ ex mero motu in order to review the judgment of the Court of Civil Appeals and to set some general guidelines as to when and under what circumstances minors may be used in undercover operations.”
654 So.2d at 1140-1141.
After this Court in Bartlett v. Alabama Alcoholic Beverage Control Board reversed the judgment of the Court of Civil Appeals, and remanded the case to that court, that court addressed what it considered to be the two remaining issues in the case: “(1) whether the doctrine of res judicata applied because the charges against the clerk/employee who actually sold the alcohol were dismissed; and (2) whether the actions by the Alabama Alcoholic Beverage Control Board (Board) constituted entrapment.” The Court of Civil Appeals said, regarding the entrapment issue, “In concurring in the result, Justice Almon answered the entrapment issue, and we agree with his analysis; therefore, we find the contention of entrapment to be without merit.” Bartlett v. Alabama Alcoholic Beverage Control Board, 654 So.2d 1145 at 1146 (Ala.Civ.App.1993).
On the res judicata issue, the Court of Civil Appeals, after discussing the elements of the doctrine of res judicata,[1] held “that the doctrine of res judicata fits within the specif *1152 ic facts of this case because both actions were penal in nature, based on the same act, and there was a privity of parties.” 654 So.2d at 1148. It is that holding that is now presented for review here.
Summarizing the facts, they are as follows: ABC Board agents used a minor to purchase liquor from an employee at the Package Palace, owned by the Bartletts. The employee was criminally charged with illegally selling liquor to a minor. The criminal charge was ultimately dismissed. The ABC Board then began administrative proceedings against the Bartletts on the ground that they had violated the provisions of Ala.Code 1975, § 28-3A-25(a)(3), which provides:
“(a) It shall be unlawful:
[[Image here]]
“(3) For any licensee or the board either directly or by the servants, agents or employees of the same, or for any servant, agent, or employee of the same, to sell, deliver, furnish or give away alcoholic beverages to any minor, or to permit any minor to drink or consume any alcoholic beverages on licensee’s premises.”
The ABC Board fined the Bartletts $500 for violating this provision of the Code. The Bartletts appealed the administrative order to the Circuit Court of Mobile County, pursuant to § 41-22-20, Ala.Code 1975. The Bart-letts contended that the prior adjudication and dismissal of the charges against their employee acted to bar the Board’s charge against them on the grounds of res judicata. After reviewing the record of the hearing and the briefs submitted by the Bartletts and the Board, the circuit court denied the Bart-letts’ requested relief. They then appealed to the Court of Civil Appeals; that court ultimately reversed the circuit court’s judgment, holding, “[A]ny wrong that was, or could have been, adjudicated against the employee in the circuit court was precluded from being adjudicated in this action.” 654 So.2d 1148.
While we agree with the Court of Civil Appeals in its holding that the Bartletts had shown privity between the parties and had shown that the original case was decided by a court of competent jurisdiction and that the actions were based on the same incident, we cannot agree with that Court’s holding that the administrative proceeding could not be prosecuted because the criminal charge against the Bartlett’s employee had been adjudicated.
“The acquittal of [a] defendant on a criminal charge is not a bar to the enforcement of a civil right by the state against the same defendant based upon the facts which constitute such criminal charge ... unless the civil light thus sought to be enforced is itself a proceeding for the further punishment of the defendant,” because “[ujnder such circumstances ‘it is regarded as a second attempt to punish for the same crime.’” State ex rel. Knight v. DeGraffenried, 226 Ala. 169, 170, 146 So. 531, 532 (1933).
Does the imposition of a $500 fine by the ABC Board in the administrative proceeding constitute “further punishment” or “a second attempt to punish for the same crime”? We think not.
The Fifth Amendment to the United States Constitution provides that no person shall “be subject for the same offence to be twice put in jeopardy of life or limb.” “[T]he established rule[, with exceptions,] is that a former acquittal or conviction of a defendant on a criminal charge does not bar a civil action against him to recover a statutory penalty for the same conduct.” 21 Am. Jur.2d Criminal Law § 251 (1981); see also Helvering v. Mitchell, 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938). An exception to this general rule applies when the double jeopardy claims hinge on “[w]hether the civil penalties (1) concerned the same conduct as the criminal proceedings and (2) rose to the level of criminal punishment because of the lack of rational relation to the Government’s loss.” United States v. Mayers, 897 F.2d 1126, 1127 (11th Cir.1990). When there is no rational relation to the Government’s or State’s loss, a civil penalty may constitute punishment for the purposes of the Double Jeopardy Clause. See United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), where the Court held that a defendant who had already been punished in a criminal proceeding could not be subjected to an additional civil sane *1153 tion to the extent that the second sanction could not be fairly characterized as remedial, but only as deterrent or retribution. In Hal-per, the defendant had been convicted and punished for filing a number of false Medicare claims, totalling $585. Later, the Government brought a civil action against the defendant under the False Claims Act (“FCA”), 31 U.S.C. §§ 3729-3731, seeking $130,000 in damages under the fixed penalty provision of that statute. The Court concluded that the $130,000 civil sanction qualified as “punishment” for double jeopardy purposes, because it lacked a rational relation to the $16,000 expense it was estimated that the Government had suffered, both from the false claims themselves and the investigation that followed.
Under the Halper test, the question to be determined here is whether the statutory penalty of $500 imposed by the ABC Board on the Bartletts constitutes a second punishment in violation of the Double Jeopardy Clause. The Halper Court noted that “the determination whether a given civil sanction constitutes punishment in the relevant sense'requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve.” Halper, 490 U.S. at 448, 109 S.Ct. at 1901. If the civil sanction “cannot fairly be said solely to serve a remedial purpose, but rather can be explained only as also serving either retributive or deterrent purposes,” then the sanction constitutes punishment and implicates the Double Jeopardy Clause. 490 U.S. at 448,109 S.Ct. at 1902. To determine whether a civil sanction is punishment, a court must consider the penalty imposed and the purposes it serves. Among the factors for the court to consider are whether the sanction involves an affirmative disability or restraint, whether it has been regarded historically as punishment, whether it requires a finding of scienter, whether it promotes retribution and deterrence as the goals of punishment, whether it is rationally connected to an alternative purpose, and whether it appears excessive when compared to the alternative purpose. Halper, 490 U.S. at 453, 109 S.Ct. at 1904. Furthermore, the United States Court of Appeals for the Eleventh Circuit, following Halper; held, “Where the civil sanction at issue is money damages imposed pursuant to a statutory provision, we are to look to the size of the award to determine whether it is rationally related to the remedial goal of compensating the government for its loss.” United States v. Reed, 937 F.2d 575, 578 (11th Cir.1991).
The ABC Board fined the Bartletts $500 for violating § 28-3A-25(a)(3), Ala.Code 1975. The first prong of the Halper test is met, because the civil penalty concerns the same conduct as the criminal proceedings. In assessing the second prong of the Halper test, we note that the Supreme Court of the United States in Halper recognized that the Government or the State is entitled to rough remedial justice. Additionally, the Legislature may draft statutes that demand compensation according to somewhat imprecise formulas, such as reasonable liquidated damages or a fixed sum plus double damages, without being deemed to have imposed a second punishment for the purpose of double jeopardy analysis. Halper, 490 U.S. at 446, 109 S.Ct. at 1900-01.
Whether the sanction constitutes punishment is not to be determined solely from the view of the defendant, because, as the United States Supreme Court has acknowledged, for the defendant even remedial sanctions can carry the sting of punishment. United States ex rel. Marcus v. Hess, 317 U.S. 537, 551, 63 S.Ct. 379, 387-88, 87 L.Ed. 443 (1943). Furthermore, as Halper acknowledges, the determination of the precise amount of damages suffered by the Government or the State may prove to be difficult, if not impossible, to ascertain. Rex Trailer Co. v. United States, 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149 (1956).[2]
*1154 We conclude that the facts of the present case do not meet the second prong of the Halper test. In Halper, the United States Supreme Court concluded that a $130,000 civil sanction was excessive because of it lacked a rational relation to the $16,000 expense it was estimated the Government had suffered from the false claims themselves and the investigation that followed. In contrast, the ABC Board’s fine of $500 is not excessive, and it is rationally related to the State’s cost of regulating its licensees. Reed v. Alcoholic Beverage Control Div., 295 Ark. 9, 746 S.W.2d 368 (1988) (Alcoholic Beverage Control Board’s suspension of a vendor’s liquor license for selling liquor without posted permit, even though criminal charge of selling liquor without license was nolprossed, did not constitute double jeopardy); Moser v. Richmond County Bd. of Comm’rs, 263 Ga. 63, 428 S.E.2d 71 (1993) (revocation of business license to operate health spa following owner’s plea of nolo contendere to a sexual offense was not punishment in violation of Double Jeopardy Clause); Matter of Bruce, 103 N.C.App. 81, 404 S.E.2d 480 (1991) (small amount of fine, $500, was remedial rather that punitive, given need for investigation and hearings in accordance with the obligation of the State Board of Registration for Professional Engineers and Land Surveyors to police professions of engineering and land surveying).
Based on the foregoing, we reverse the judgment of the Court of Civil Appeals and remand the cause to that Court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, STEAGALL, KENNEDY, INGRAM and COOK, JJ., concur.
HORNSBY, C.J., and SHORES, J., dissent.

. The Court of Civil Appeals stated those elements as: " '(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits.’ Hughes v. Allenstein, 514 So.2d 858, 860 (Ala.1987) (citing Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala.1978))." 654 So.2d at 1147.

. The Halper rule itself has been criticized by Justice Scalia and Justice Thomas. “It is time to put the Halper genie back in the bottle, and to acknowledge what the text of the Constitution makes perfectly clear: the Double Jeopardy Clause prohibits successive prosecutions, not successive punishment." Department of Revenue of Montana v. Kurth Ranch, - U.S. -, at -, 114 S.Ct. 1937, at 1959, 128 L.Ed.2d 767 (1994).