HORNSBY, Chief Justice
(dissenting).
I must respectfully dissent from the majority’s finding that the $500 fine imposed pursuant to § 28-3A-25, Ala.Code 1975, is not barred by the constitutional protections against double jeopardy. I believe that the statute is penal in nature and therefore would impose a second punishment for conduct previously adjudicated. The cases relied upon in the majority opinion deal primarily with a person’s fraudulent conduct that resulted in not paying the Government full amounts owed. See, e.g., Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938); United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989); Rex Trailer Co. v. United States, 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149 (1956). United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943).
The relevant statutes imposing sanctions in those cases clearly establish that the purpose or intent of the fine is to reimburse the Government for its losses and expenses due to the person’s fraudulent conduct. For example, the statute involved in Halper stated that the penalty would “not [bej less than $5,000 and not more than $10,000 plus 3 times the amount of damages which the Government sustains because of the act of that person ” (emphasis added). 490 U.S. at 439 n. 3, 109 S.Ct. at 1896 n. 3.
The issue before the Halper Court was not whether the statute was remedial or punishment-oriented. Rather, the issue was whether a remedial statute, in application, became punitive. The Halper Court held that the penalty was not rationally related to the goal of compensating the Government for its loss due to the person’s fraudulent conduct. The Halper Court found that the penalty was so “divorced” from the remedial goal that it constituted “punishment” for the purpose of the double jeopardy analysis. See also Hess, supra (holding that since the proceedings under the statute were remedial and designed “to protect the government from financial loss” — rather than to “vindicate public justice” — they were civil in nature) 317 U.S. at 548-49, 63 S.Ct. at 386-87.
The dilemma in Halper does not exist in this case. Rather, this Court is faced with determining whether the fine provided in the statute was meant to be a punishment within the plain meaning of the statute. The statutory language considered in Halper can not be found in the Alabama statute at issue here. Rather, the Alabama statute provides as follows:
*1155 “§ 28-3A-25 Unlawful acts and offenses; penalties.
“(a) It shall be unlawful:
[[Image here]]
“(3) For any licensee or the board either directly or by the servants, agents, or employees of the same, or for any servant, agent, or employee of the same, to sell, deliver, furnish or give away alcoholic beverages to any minor, or to permit any minor to drink or consume any alcoholic beverages on licensee’s premises.
[[Image here]]
“(b)(1) Any violation of subdivisions (1) through (18) of subsection (a) of this section shall be a misdemeanor punishable by a fine of not less than $100.00 nor more than $1,000.00, to which, at the discretion of the court or judge trying the case, may be added imprisonment in the county jail or at hard labor for the county for not more than six months for the first conviction; and, on the second conviction of a violation of said subdivisions, the offense shall, in addition to a fine within the limits abovenamed, be punishable by imprisonment or at hard labor for the county for not less than three months nor more than six months to be imposed by the court or judge trying the case; and, on the third conviction and every subsequent conviction of a violation of said subdivisions, the offense shall, in addition to a fine within the limits abovenamed, be punishable by imprisonment or at hard labor for the county for not less than six months nor more than 12 months.”
(Emphasis added.)
No language in the statute either explicitly or implicitly indicates that the statute was meant to reimburse the State for loss or cost incurred because the offender’s actions. In fact, as noted above, the Code calls the fine a punishment.
The Alcoholic Beverage Control Board does not argue that the fines imposed serve remedial purposes; rather, it argues that the fact that the criminal charges against the employee were dismissed means there was not a punishment. The board makes a comparison to an acquittal not being a punishment. Therefore, the board asserts, imposing the penalty provided by the statute does not constitute double jeopardy. This contention is incorrect. An acquittal is a bar to any subsequent action based on the same conduct as that on which the first charge was based, where the objective of the subsequent action is punishment, “because to entertain the second proceeding for punishment would subject the defendant to double jeopardy; and double jeopardy is precluded by the Fifth Amendment whether the verdict ivas an acquittal or a conviction.” Mitchell, 303 U.S. at 398, 58 S.Ct. at 632 (emphasis added). “ ‘If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offence.’ ” Halper, supra, quoting Ex parte Lange, 85 U.S. (18 Wall.) 163, 168, 21 L.Ed. 872 (1874). See also State ex rel. Knight v. deGraffenried, 226 Ala. 169, 170, 146 So. 531, 532 (1933) (holding that the acquittal of a defendant bars “the enforcement of a civil right by the state against the same defendant” if the proceeding is “for the further punishment of the defendant,” because “[u]nder such circumstances, ‘it is regarded as a second attempt to punish for the same crime’ ”). Accordingly, the critical issue before this Court is whether the statute’s purpose is punitive.
The Alcoholic Beverage Control Board argues that to disallow the fine would act as a restraint on its ability to “police and deter” the sale of alcoholic beverages to minors. By the Board’s own definition, it indicates that it views the statute in question as a means of punishment. See Halper, supra, 490 U.S. at 448-49, 109 S.Ct. at 1901-02 (holding that “a defendant who has already been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as deterrent or retribution,” given the constitutional protection against double jeopardy) (emphasis added). See also Bell v. Wolfish, 441 U.S. 520, 539 n. 20, 99 S.Ct. 1861, 1874 n. 20, 60 L.Ed.2d 447 (1979) (holding that “retribution and deterrence are not legitimate nonpunitive governmental objectives”) (emphasis added). Therefore, a “civil sanction that cannot fairly *1156 be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment.” Halper, 490 U.S. at 445, 109 S.Ct. at 1900 (emphasis added).
The statute, by its plain language, is penal; the amount of the fine imposed is irrelevant to our analysis. Imposition of the fine under the statute punishes the licensees after the dismissal of the charges against the employee. A second punishment violates the licensees’ constitutional protection against double jeopardy.
Accordingly, I would affirm the Court of Civil Appeals on the rationale of this dissent.