After Remand from the Supreme Court
ROBERTSON, Presiding Judge.
The prior judgment of this court, wherein we addressed the issues regarding the doctrine of res judicata and entrapment, has been reversed by the Supreme Court of Alabama. Ex parte Alabama Alcoholic Beverage Control Board, 654 So.2d 1149 (Ala.1994). The supreme court remanded the cause to this court for further proceedings.
In our prior judgment, we found that the doctrine of res judicata fit within the specific facts of this case and was dispositive; consequently, we did not remand for the trial court to determine if the Board complied with the procedural requirements established by our supreme court in order to use a minor child in an undercover operation. We could not, and cannot now, determine from the record that, in fact, the Board did comply with those procedures.
In our prior opinion, we stated the following:
“The supreme court acknowledged that ‘the ABC Board could petition the juvenile court for an order authorizing the use of a minor in an undercover operation. In that event, the court will ensure that the minimum standards (procedures) we have set out here are met.’ [Bartlett v. Alabama *1157 Alcoholic Beverage Control Board, 654 So.2d 1139, 1143 (Ala.1993) ]. It is undisputed that the Board did not get prior judicial approval pursuant to § 13A-3-22, Code 1975. Consequently, absent a judicial order, the Board must meet the minimum requirements to come within the protection of § 13A-3-22. It is important to note that the supreme court did not make these requirements prospectivei only; in fact, the language in its opinion makes it clear that the minimum requirements were to be applied retroactively.
“The first requirement compels the parents or the guardians of the minor to consent to the minor’s involvement in the undercover operation. As a general rule, we deem this the most important of the five requirements, but, in reviewing cases involving termination of parental rights, custody, sexual abuse, dependency, and other cases where a child is subjected to physical and mental abuse by a parent, this requirement will not afford the protection intended in many cases. The Board’s attorney conceded at oral argument that minor girls or minor boys could be used— regardless of age; regardless of operation, i.e., alcohol, drugs, prostitution, etc.; and regardless of law enforcement agency. Judicial approval pursuant to § 13A-3-22 would best protect the minor child from being exposed to overly dangerous ‘operations,’ and it would also protect the Board, any other law enforcement agency, or any law enforcement officer, should a minor be seriously injured or killed while participating in one of these ‘undercover operations.’
“The record on appeal in this case is devoid of any parental consent for the Board to use the minor in this operation. In view of the dispositive issue above, however, we deem it unnecessary to remand this case for the trial court to determine if the Board complied with the minimum requirements set out by our supreme court.
“It is noteworthy that at oral argument on June 23, 1993, when Judge Thigpen asked the attorney for the Board if the supreme court's guidelines as set out in its opinion of February 19, 1993, had been complied with by the Board, the answer was in the negative. It is also noteworthy that every law enforcement agency which elects to use minors must either adopt and follow the minimum standards set out by the supreme court or comply with § 13A-3-22, i.e., get prior judicial approval before using a minor in any ‘operation.’ ”
Since the record on appeal is devoid of any evidence that the Board complied with the procedural requirements set out by our supreme court, we must reverse the judgment and remand this cause for the trial court to determine if the Board complied with the procedural requirements necessary to use a minor in an undercover operation.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.