ROBERTSON, Presiding Judge.
Peggy Harris Crump operates a store, the Coal City Grocery, in St. Clair County, Alabama, that sells alcoholic beverages for off-premises consumption. On September 30, 1989, two agents of the Alabama Alcoholic Beverage Control Board (ABC Board) and an undercover operative[1] went to Crump’s store. At approximately 7:52 p.m., while the ABC agents waited outside in their vehicle, the operative went into Crump’s store with $10.00, bought two six-packs of beer from Crump for $8.50, exited the store, and delivered the beer and change to the ABC agents. The ABC agents and the operative returned to Crump’s store, where the operative identified Crump as the person who had sold him the beer. The ABC agents advised Crump to surrender at the ABC Board’s Pell City field office on October 3,1989. When Crump surrendered to the ABC agents on October 3, 1989, she was arrested • and processed through the St. Clair County Jail on the criminal charge of selling alcoholic beverages to a minor in violation of § 28-3A-25(a)(3), Ala.Code 1975.
Crump faced a criminal trial in the St. Clair County District Court, after which the trial court found Crump not guilty of violating § 28-3A-25(a)(3). Shortly after Crump’s acquittal in criminal court, by a letter dated November 6, 1989, the ABC Board again charged Crump with violating § 28-3A-25(a)(3) in a civil proceeding pursuant to § 28-3A-24(b). Following a hearing before the ABC Board’s Hearing Commission, the ABC Board notified Crump by a letter dated December 29, 1989, that the Hearing Commission was suspending her license for 30 days, clearly a punitive act.
Crump appealed the Hearing Commission’s December 29th decision to the ABC Board, and on January 18, 1990, the ABC Board notified Crump of the time, date, and place of the hearing on the “possible suspension or revocation” of her license. The ABC Board also notified Crump that if she decided to appeal its decision, “by law this hearing is considered the trial stage,” that she was entitled to have counsel present, and that it was in her best interest to present all evi *135 dence in support of her position. The ABC Board held this hearing on March 15, 1990. By a letter dated March 19, 1990, the ABC Board notified Crump that it found her guilty of violating § 28-3A-25(a)(3), and that it was imposing a fine of $1,000, the maximum fine allowed under the statute.
Pursuant to § 41-22-20, Ala.Code 1975, Crump filed a petition for judicial review of the ABC Board’s March 19, 1990, decision in the St. Clair County Circuit Court. Crump alleged that the ABC Board had denied her equal protection guaranteed by the Fourteenth Amendment to the United States Constitution. Crump also argued that because of her acquittal in the criminal proceeding, the doctrine of res judicata barred the later civil proceeding by the ABC Board.
After an affirmance by the trial court and the grant of Crump’s post-judgment motion, the case was continued generally until our Supreme Court’s decision in Ex parte Alabama Alcoholic Beverage Control Board, 654 So.2d 1149 (Ala.1993), (Bartlett II), was released. Thereafter, the trial court entered a judgment affirming the decision of the ABC Board.
Crump appeals, raising one issue: whether the assessment of a penalty by a governmental agency in a civil proceeding for the same offense as was tried in a criminal proceeding constitutes double jeopardy in violation of the United States Constitution.
Ala.Code 1975, § 41-22-20 governs the judicial review of an action by the ABC Board. Davis v. Alabama Alcoholic Beverage Control Board, 636 So.2d 448 (Ala.Civ.App.1994). Section 41-22-20(k) provides: “the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the'weight of the evidence on questions of fact, except where otherwise authorized by statute.” The trial court may reverse, modify, or alter a decision of the ABC Board if the Board’s action was in violation of constitutional or statutory provisions. § 41-22-20(k)(l). In reviewing the decision of the ABC Board, this court applies the same standard of review as the trial court. Davis.
Our review of the record reveals the following pertinent facts: An ABC agent testified that the September 30, 1989, undercover operation at Crump’s store was one of a random series of operations that started on the DeKalb County line and finished in Pell City. The ABC agent also testified that he had never received a complaint about Crump, but that he had received many complaints about licensees in St. Clair County selling alcoholic beverages to minors.
Crump testified that she was alone in the store when the operative came into her store. She described the person “[as having] long black hair and it was slicked down like grease. He had a long earring in one ear. He had sloppy clothes like a thug or a dope addict. He didn’t speak; he didn’t say a word.” Crump testified that she thought that the man had come to rob her or that he might kill her, and that she sold him the beer without requesting to see his driver’s license because she was scared.
On appeal, Crump argues that the ABC Board’s imposition of the $1,000 fine in the civil proceeding was punitive in nature, not remedial, and, therefore, a second punishment in violation of the Double Jeopardy Clause of the United States Constitution. Crump also argues that the judgment of the trial court is due to be reversed on the authority of United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).
The ABC Board argues that the $1,000 fine it imposed on Crump is not a second punishment because, it says, Crump was found not guilty of the criminal charge. The ABC Board also argues that we should affirm the judgment of the trial court because, it says, the fine was not excessive and is rationally related to the State’s cost of regulating alcoholic beverage licensees.
At the outset, we note that the ABC Board’s argument that Crump was not subjected to double jeopardy because she was acquitted of the criminal charge must fail. The question is whether Crump was placed in jeopardy of criminal punishment, not whether such punishment was actually imposed. “[D]ouble jeopardy is precluded by *136 the Fifth Amendment whether the verdict was an acquittal or a conviction.” Helvering v. Mitchell, 303 U.S. 391, 398, 58 S.Ct. 630, 632, 82 L.Ed.917 (1938). See also North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Ex parte Giles, 632 So.2d 577 (Ala.1993).
In Ex parte Alabama Alcoholic Beverage Control Board, 654 So.2d 1145 (Ala.1993) (.Bartlett I), ABC Board agents conducted an undercover operation using a minor child[2] to buy alcoholic beverages from an employee of the Bartletts’ “package” store. Although the employee was arrested and charged with violating § 28-3A-25(a)(3), those charges were later dismissed. No criminal charges under § 28-3A-25(a)(3) were ever brought against the Bartletts. However, the ABC Board did charge the Bartletts in a civil proceeding with violating § 28-3A-25(a)(3) as a result of their employee’s sale of alcoholic beverages to a minor. After a hearing, the Board found the Bartletts guilty of violating § 28-3A-25(a)(3) and fined them $500. The Bartletts appealed to this court, asserting that the doctrine of res judicata applied to the ABC Board’s charges and that the ABC Board’s use of a minor was entrapment. This court reversed the trial court’s judgment, holding that the ABC Board’s use of a minor, without prior judicial approval, to commit an illegal act was an unreasonable exercise of the ABC agent’s powers, duties, or functions. In Bartlett I, supra, our Supreme Court reversed that decision.
In Bartlett II, this Court addressed the question of whether the imposition of a $500 fine by the ABC Board in a civil proceeding was “further punishment” in violation of the Double Jeopardy Clause of the United States Constitution. The Court quoted State ex rel. Knight v. deGraffenried, 226 Ala. 169, 170, 146 So. 531, 532 (1933), which states:
“The acquittal of [a] defendant on a criminal charge is not a bar to the enforcement of a civil right by the state against the same defendant based upon the facts which constituted such criminal charge ... unless the civil right thus sought to be enforced is itself a proceeding for the further punishment of the defendant. Under such circumstances ‘it is regarded as a second attempt to punish for the same crime, and a previous acquittal is conclusive in favor of the defendant.’ ” (Citations omitted.)
In analyzing whether the ABC Board’s fine constituted “further punishment,” our supreme court utilized the test set out in Hal-per, supra, i.e., whether the civil penalty concerned the same conduct as the criminal proceeding and whether the penalty can be said to serve a solely remedial purpose. The Court, citing Reed v. Alcoholic Beverage Control Div., 295 Ark. 9, 746 S.W.2d 368 (Ark.1988); Moser v. Richmond County Bd. of Comm’rs, 263 Ga. 63, 428 S.E.2d 71 (1993); and Matter of Bruce, 103 N.C.App. 81, 404 S.E.2d 480 (1991), determined that the ABC Board’s fine “[was] not excessive, and it [was] rationally related to the State’s cost of regulating its licensees.” Bartlett II, 654 So.2d at 1154.
In Halper, the United States Supreme Court addressed “whether and under what circumstances a civil penalty may constitute punishment for the purpose of the Double Jeopardy Clause.” 490 U.S. at 446, 109 S.Ct. at 1900. The Supreme Court stated:
“... [T]he determination whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. Simply put, a civil as well as a criminal sanction constitutes punishment when the sanction as applied in the individual case serves the goals of punishment. ...
“... We have recognized in other contexts that punishment serves the twin aims of retribution and deterrence. [Citation omitted.] Furthermore, ‘ “[r]etribution and deterrence are not legitimate nonpuni-tive governmental objectives.” ’ Bell v. Wolfish, 441 U.S. 520, 539, n. 20 [99 S.Ct. 1861, 1874 n. 20, 60 L.Ed.2d 447] (1979). From these premises, it follows that a civil sanction that cannot fairly be said solely *137 to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term. [Citation omitted.
[[Image here]]
“... The rule is one of reason: Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as ‘punishment’ in the plain meaning of the word, then the defendant is entitled to an accounting of the Government’s damages and costs to determine if the penalty sought in fact constitutes a second punishment. [Footnote omitted.] _” (Emphasis added.)
490 U.S. at 448-50, 109 S.Ct. at 1901-03. Based on the language of Halper and Bartlett II, this court must determine whether the $1,000 fíne imposed by the ABC Board in the civil proceeding is rationally related to the ABC Board’s cost of regulating its licensees, i.e., solely remedial, or, whether it can only be explained as also serving either retributive or deterrent purposes, i.e., punishment. See also deGrajfenried, supra.
We begin with an examination of the statutes involved in both Crump’s criminal and civil proceedings. In 1980, the Alabama Legislature passed the Alabama Alcoholic Beverage Licensing Code, 1980 AlaActs, Act No. 80-529 (1980 Act), codified as §§ 28-3A-1 through 28-3A-26, Ala.Code 1975, which repealed portions of the original Alabama Alcoholic Beverage Control Act, 1937 Ala. Acts, Act No. 66, regarding state liquor stores, and the licensing and sale of alcoholic beverages. The stated intent of the 1980 Act was: “To ... prescribe penalties including suspension or revocation of licenses and fines against licensees for violation of laws relating to manufacture, sale, possession or transportation of alcoholic beverages and of regulations of the board; to proscribe unlawful acts and offenses and to provide for punishment therefor-” 1980 AlaActs, Act No. 80-529, p. 806. (Emphasis added.)
The legislature prescribed the unlawful acts and offenses relating to the manufacture, sale, possession, or transportation of alcoholic beverages in Ala.Code 1975, §§ 28-3A-25(a)(l) through (21). Section 28-3A-25(b)(1), which sets out the punishment that may be imposed by a trial court for an ABC Board licensee tried in a court of law and found guilty of violating those provisions, provides that:
“Any violation of subdivisions (1) through (18) of subsection (a) of this section shall be a misdemeanor punishable by a fine of not less than $100.00 nor more than $1,000.00-” (Emphasis added.)
In Ala.Code 1975, § 28-3A-24, the legislature prescribed penalties that the ABC Board may impose on a licensee found guilty of violating § 28-3A-25(a)(3) or the regulations of the ABC Board. Those penalties include:
“(c) When, in the opinion of the board or hearing commission, a fine is deemed more appropriate than suspending or revoking a license, the board or hearing commission is authorized to fine the licensee for any cause that could result in suspension or revocation. Such fines may not exceed the sum of $1,000.00_ All fines collected by the board shall be paid by the administrator into the treasury of the state and credited to the general fund.” (Emphasis added.)
Examination of the penalties in § 28-3A-25(b)(1) and § 28-3A-24(c) shows that the legislature provided virtually identical maximum fines[3] of $1,000 which may be imposed by the trial court or the ABC Board.
The use of the term “fine” is also significant. Black’s Law Dictionary 632 (6th ed. 1990), defines the term “fine” as “A pecuniary punishment or penalty imposed by [a] lawful tribunal upon [a] person convicted of [a] crime or [a] misdemeanor.... It may include a forfeiture or penalty recoverable in a civil action, and, in criminal convictions, *138 may be in addition to imprisonment....” See also Armstrong v. Roger’s Outdoor Sports, Inc., 581 So.2d 414, 428 (Ala.1991) (Houston, J., dissenting).
The stated intent of the 1980 Act, an analysis of the penalties provided by statute, and the legislature’s use of the term “fine” in both § 28-3A-24(c) and § 28-3A-25(b)(l) clearly show an intent by the legislature to authorize the ABC Board to impose a civil punishment on a licensee when the ABC Board finds the licensee guilty of violating an applicable state law or an ABC Board regulation. This, of course, would be when the ABC Board elects not to prosecute the licensee in a criminal proceeding in a court of law, but, instead, elects to have a civil proceeding before the ABC Board.
In this case the ABC Board’s civil proceeding was initiated only after Crump was acquitted by the trial court of the same charge in the criminal proceeding. This case presents facts unlike those in Bartlett I and Bartlett II, where the owners never faced criminal charges. Crump was tried both criminally in a court of law and, after being acquitted by the trial court, was tried later by the ABC Board in a civil proceeding on the same criminal charge that she faced in the trial court. In deGrajfenried, supra, our supreme court held “if the civil [proceeding] is to enforce a penalty, it is an additional punishment for the same crime, and ... the state cannot again try the question of guilt of the same crime to impose such additional punishment, since it has failed to prove the existence of the crime in the criminal case....” 226 Ala. at 170,146 So. at 532-33.
Moreover, the testimony that the beer cost $8.50 was the only evidence to show the cost of the undercover operation that resulted in Crump’s arrest and the $1,000 fine. The ABC Board made no other showing that the $1,000 fine levied on Crump was an appropriate recovery of the State’s cost for regulating alcoholic beverages. The difference between the $1,000 maximum fine and the cost shown in the record is sufficiently disproportionate to rebut any inference that the fine against Crump was solely remedial. Halper.
The ABC Board argues that “[Crump] was found not guilty in the criminal case and received no punishment” and that “having received no prior penalty in the criminal case, there was no second punishment in this case.” (Emphasis added). This argument clearly indicates that the ABC Board perceived the $1,000 maximum fine to be punitive and not solely remedial, i.e., a first punishment, not a second punishment. Crump was placed in jeopardy of receiving a $1,000 fine in the criminal proceeding. Our organic law and ease law prohibit the imposition of a $1,000 fine as punishment in the later civil proceeding. Halper.
Also, the first penalty imposed by the Hearing Commission in the civil proceeding was a 30-day suspension of Crump’s license. This, too, clearly shows that the civil proceeding by the ABC Board was intended to be punitive in nature and not solely remedial; the license suspension did not, in any way, rationally relate to the ABC Board’s cost of regulating its licensees. Bartlett II, supra.
In view of the above, the statutory language, the legislative intent, the identity of the charges against Crump, and the absence of a showing that the $1,000 fine was rationally related to the costs in this case, we must conclude that the ABC Board’s civil proceeding was a second attempt to punish for the same offense, in violation of the state and federal constitutional protections against double jeopardy. Ala. Const. Art I, § 9; U.S. Const. Amend. 5. The imposition of the $1,000 fine under the facts in this case cannot fairly be said to serve a solely remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, i.e., punishment. Halper.
The judgment of the trial court is reversed, and this case is remanded for the entry of a judgment in favor of Peggy Harris Crump, d/b/a Coal City Grocery.
REVERSED AND REMANDED.
YATES and MONROE, JJ., concur.
THIGPEN and CRAWLEY, JJ., dissent.

. On April 6, 1989, then Governor Guy Hunt approved the ABC Board’s request to employ "a part-time Student Aide under age 21 to assist the Enforcement Division in undercover alcoholic beverage shopping in various liquor establishments in the State.” The starting salary of the student aide was to be $5.76 per hour.

. The ABC Board can use a 19 or 20-year-old adult as an undercover operative since it is illegal to sell alcoholic beverages to anyone under 21 years of age.

. It is obvious that the legislature intended to allow the ABC Board to elect to seek punishment of a licensee either through a criminal proceeding or through a civil proceeding with a maximum fine of $1,000.